1  **McGuireWoods LLP**
   Matthew C. Kane (SBN #171829)
2      Email:  mkane@mcguirewoods.com
   Sabrina A. Beldner (SBN #221918)
3      Email:  sbeldner@mcguirewoods.com
   Sylvia J. Kim (SBN #258363)
4      Email:  skim@mcguirewoods.com
   1800 Century Park East, 8th Floor
5  Los Angeles, CA  90067-1501
   Telephone:  310.315.8200
6  Facsimile:  310.315.8210

7  Attorneys for Defendant HALLIBURTON ENERGY SERVICES, INC.

8

9

10                          **UNITED STATES DISTRICT COURT**

11                          **EASTERN DISTRICT OF CALIFORNIA**

12

13  LUIS GUERRERO on behalf of himself, all        CASE NO. 1:16-cv-01300-LJO-JLT
    others similarly situated and on behalf of the
14  general public,                                 **DEFENDANT HALLIBURTON ENERGY**
                                                    **SERVICES, INC.'S REPLY IN SUPPORT**
15                  Plaintiffs,                     **OF MOTION TO DISMISS AND/OR**
                                                    **STRIKE PLAINTIFF'S COMPLAINT**
16          vs.                                     **PURSUANT TO FED. R. CIV. P. 12(b)(6)**
                                                    **AND/OR 12(f):**
17  HALLIBURTON ENERGY SERVICES,
    INC.; and DOES 1-100,                           **(1)    SUPPLEMENTAL REQUEST FOR**
18                                                  **       JUDICIAL NOTICE**
                    Defendants.
19                                                  **(2)    MEMORANDUM OF POINTS AND**
                                                    **       AUTHORITIES**
20
                                                    **Date:    October 18, 2016**
21                                                  **Time:    8:30 a.m.**
                                                    **Crtrm.:  4, 7th Floor**
22                                                  **Judge:   Hon. Lawrence J. O'Neill**

23

24

25

26

27

28

83005951.3

1

# TABLE OF CONTENTS

2

**Page**

3

TABLE OF AUTHORITIES ...................................................................................... ii

4

SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE .......................................... vi

5

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

6

I.      THE STRAIGHT TIME WAGES CLAIM SHOULD BE DISMISSED ........................... 1

7

II.     THE OVERTIME CLAIM SHOULD BE DISMISSED ..................................................... 1

8

III.    THE MEAL AND REST BREAK CLAIMS SHOULD BE DISMISSED ......................... 2

9

IV.     THE ALLEGATIONS REGARDING PURPORTED VIOLATIONS OF CAL.
        LAB. CODE §§ 1174 AND 1175 SHOULD BE STRICKEN ............................................ 5

10

11

V.      THE WAGE STATEMENT CLAIM SHOULD BE DISMISSED ................................... 5

12

VI.     THE WAITING TIME PENALTIES CLAIM SHOULD BE DISMISSED......................... 7

13

VII.    THE UCL CLAIM SHOULD BE DISMISSED.................................................................. 8

14

VIII.   THE INJUNCTIVE RELIEF CLAIM SHOULD BE DISMISSED OR STRICKEN ......... 9

15

IX.     THE PRAYER FOR ATTORNEYS' FEES IN CONNECTION WITH
        PLAINTIFF'S CLAIMS FOR SECTION 226.7 VIOLATIONS SHOULD BE
        STRICKEN ........................................................................................................................ 9

16

17

X.      THE REQUEST FOR SECTION 226 REMEDIES IN CONNECTION WITH
        PLAINTIFF'S CLAIMS FOR SECTION 226.7 VIOLATIONS SHOULD BE
        STRICKEN ...................................................................................................................... 10

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Acho v. Cort*,
 2009 WL 3562472 (N.D. Cal. Oct. 27, 2009) ...........................................................................2

*Ambriz v. Coca-Cola Co.*,
 2013 WL 5947010 (N.D. Cal. Nov. 5, 2013).......................................................................2, 3, 7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ...................................................................................................................2

*Avila v. Pinkerton Gov't Servs.*,
 286 F.R.D. 450 (C.D. Cal. 2012) ...............................................................................................7

*Bellinghausen v. Tractor Supply Company*,
 2013 WL 5090869 (N.D. Cal. Sept. 13, 2013)........................................................................3, 5

*Brown v. Wal-Mart Stores, Inc.*,
 2013 WL 1701581 (N.D. Cal. Apr. 18, 2013) ...............................................................1, 2, 5, 8

*Byrd v. Masonite Corp.*,
 2016 WL 756523 (C.D. Cal. Feb. 25, 2016).............................................................................2

*Davenport v. Wendy's Co.*,
 2014 WL 3735611 (N.D. Cal. July 28, 2014) ...........................................................................4

*Davis v. Tower Select Ins. Co., Inc.*,
 2013 WL 127724 (E.D. Cal. Jan. 9, 2013) ................................................................................2

*De La Torre v. Am. Red Cross*,
 2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) .............................................................................6

*Dilts v. Penske Logistics, LLC*,
 267 F.R.D. 625 (S.D. Cal. 2012)...............................................................................................5

*Espinoza v. Domino's Pizza, LLC*,
 2009 WL 882845 (C.D. Cal. Feb. 18, 2009)..............................................................................5

*Esquivel v. Performance Food Group, Inc.*,
 C.D. Cal. Case No. 2:11-cv-07284.............................................................................................3

*Fields v. W. Marine Products, Inc.*,
 2014 WL 547502 (N.D. Cal. Feb. 7, 2014)................................................................................4

*Freeman v. Zillow, Inc.*,
 2015 WL 5179511 (C.D. Cal. Mar. 19, 2015) ...................................................................2, 4, 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Gonzalez v. Fallanghina, LLC*,
  2016 WL 3951655 (N.D. Cal. July 22, 2016) ...................................................................3

*Hangarter v. Provident Life & Accident Insurance Co.*,
  373 F.3d 998 (9th Cir. 2004) ............................................................................................9

*Jones v. Spherion Staffing LLC*,
  2012 WL 3264081 (C.D. Cal. Aug. 7, 2012) ...................................................................7

*Khan v. K2 Pure Solutions, Inc.*,
  2013 WL 6503345 (N.D. Cal. Dec. 4, 2013) ................................................................2, 3

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2014) ..........................................................................................1, 2

*Lopez v. Aerotek, Inc.*,
  2015 WL 4504691 (C.D. Cal. July 23, 2015) ..................................................................7

*Nguyen v. Baxter Healthcare Corp.*,
  2011 WL 6018284 (C.D. Cal. Nov. 28, 2011) ...........................................................7, 8, 9

*Pena v. Taylor Farms Pacific, Inc.*,
  2014 WL 1665231 (E.D. Cal. Apr. 23, 2014) .................................................................6

*Raphael v. Tesoro Ref. and Mktg. Co. LLC*,
  2015 WL 4127905 (C.D. Cal. July 8, 2015) ...................................................................1

*Ricaldai v. U.S. Investigations Servs.*,
  878 F.Supp.2d 1038 (C.D. Cal. 2012) ............................................................................7

*Rodriguez v. Old Dominion Freight Line, Inc.*,
  U.S.D.C. C.D. Cal. Case No. 13-cv-00891 DSF ...........................................................8

*Rosenberg v. Renal Advantage, Inc.*,
  2013 WL 3205426 (S.D. Cal. June 24, 2013) .................................................................9

*Sanchez v. Ritz Carlton*,
  2015 WL 5009659 (C.D. Cal. Aug. 17, 2015) ..............................................................4, 5

*Silva v. AvalonBay Cmtys, Inc.*,
  2015 WL 11422302 (C.D. Cal. Oct. 8, 2015) .................................................................1

*Singletary v. Teavana Corporation*,
  2014 WL 1760884 (N.D. Cal. Apr. 2, 2014) ..................................................................8

*Tan v. GrubHub, Inc.*,
  2016 WL 1110236 (N.D. Cal. Mar. 22, 2016) ................................................................6

*U.S. ex rel. Knapp v. Calibre Sys., Inc.*,
  2011 WL 4914711 (C.D. Cal. Oct. 17, 2011) .................................................................6

*Yuckming Chui v. Citrix Systems, Inc.*
    2011 WL 6018278 (C.D. Cal. Nov. 23, 2011) ..........................................................................7

**CALIFORNIA CASES**

*Brinker Rest. Corp. v. Sup. Ct.*,
    53 Cal.4th 1004 (2012).............................................................................................................8

*Cicairos v. Summins Logistics, Inc.*,
    133 Cal.App.4th 949 (2005)....................................................................................................5

*Cortez v. Purolator Air Filtration Prods., Co.*,
    23 Cal.4th 163 (2000).........................................................................................................8, 9

*Families Unafraid to Uphold Rural El Dorado City. v. Bd. of Supervisors*,
    79 Cal.App.4th 505 (2000)....................................................................................................10

*Jaimez v. DAIOHS USA, Inc.*,
    181 Cal.App.4th 1286 (2010)..................................................................................................5

*Kirby v. Immoos Fire Prot., Inc.*,
    53 Cal.4th 1256 (2012)....................................................................................................7, 8, 9

*Ling v. P.F. Chang's China Bistro, Inc.*,
    245 Cal.App.4th 1242 (2016)..................................................................................................8

*Murphy v. Kenneth Cole*,
    40 Cal.4th 1094 (2007)............................................................................................................7

**CALIFORNIA STATUTES**

Cal. Code Civ. Proc. § 1021.5 ........................................................................................................9, 10

Cal. Lab. Code § 203..............................................................................................................................8

Cal. Lab. Code § 226....................................................................................................................5, 7, 10

Cal. Lab. Code § 226(a) ........................................................................................................................7

Cal. Lab. Code § 226(e) ....................................................................................................................6, 7

Cal. Lab. Code § 226(e)(2)(B)(i) .........................................................................................................6

Cal. Lab. Code § 226.7.................................................................................................................7, 8, 9, 10

Cal. Lab. Code § 1174............................................................................................................................5

Cal. Lab. Code § 1175............................................................................................................................5

**OTHER FEDERAL AUTHORITIES**

Fed. R. Civ. P. 8 .................................................................................................................1, 2, 5

Fed. R. Civ. P. 12 .....................................................................................................................4, 6

**OTHER CALIFORNIA AUTHORITIES**

IWC Wage Order No. 9...............................................................................................................1

IWC Wage Order Nos. 9-1998...................................................................................................10

IWC Wage Order Nos. 9-2000...................................................................................................10

IWC Wage Order Nos. 9-2001...................................................................................................10

<u>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**</u>

**TO THE HONORABLE LAWRENCE J. O'NEILL, UNITED STATES DISTRICT COURT JUDGE, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Evid. 201(b) and (d), Defendant Halliburton Energy Services, Inc. ("HESI" or "Defendant") hereby requests that the Court take judicial notice of the following in support of its Motion to Dismiss and/or Strike Plaintiff's Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(6) and/or 12(f) (the "Motion"):

Exhibit I:        November 14, 2014 Order entered in *Esquivel v. Performance Food Group, Inc.*, United States District Court, Central District of California, Case No. 2:11-cv-07284.

Defendant's request is made pursuant to Fed. R. Evid. Rule 201(b) and (d) on the grounds that the foregoing document is a proper subject for judicial notice because it is a record of the United States District Court for the Central District of California and/or its contents are not subject to reasonable dispute and they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See, e.g., Duckett v. Godinez,* 67 F.3d 734, 741 (9th Cir. 1995) ("We may take judicial notice of proceedings in other courts, whether in the federal or state systems"); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 516 F.Supp.2d 1072, 1083 n.3 (N.D. Cal. 2007) (granting request for judicial notice of pleadings filed in California state courts).

DATED:  October 11, 2016          **McGuireWoods LLP**

                                   By:  _/s/ Matthew C. Kane_
                                        Matthew C. Kane, Esq.
                                        Sabrina A. Beldner, Esq.
                                        Sylvia J. Kim, Esq.

                                   Attorneys for Defendant
                                   HALLIBURTON ENERGY SERVICES, INC.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      THE STRAIGHT TIME WAGES CLAIM SHOULD BE DISMISSED**

3       While the Ninth Circuit has acknowledged that a plaintiff need not "allege 'with

4   mathematical precision,' the amount of … compensation owed by the employer," it

5   simultaneously held that, *at a minimum*, a plaintiff "***should be able to specify at least one***

6   ***workweek***" in which he worked hours for which he was not paid. *Landers v. Quality Commc'ns,*

7   *Inc.*, 771 F.3d 638, 644, 646 (9th Cir. 2014) (cit. omitted) (emph. added). Plaintiff's Complaint

8   fails to satisfy the Fed. R. Civ. P. 8 ("Rule 8") pleading standards enunciated in *Landers* because

9   his Complaint "includes no relevant facts or date during which [the] alleged [off-the-clock]

10   violations occurred." *Raphael v. Tesoro Ref. and Mktg. Co. LLC*, 2015 WL 4127905, *3 (C.D.

11   Cal. July 8, 2015). Instead, he alleges the mere conclusion that Defendant Halliburton Energy

12   Services, Inc.'s ("HESI") "policies" resulted in violations occurring "every day" during the

13   relevant time period. *See* Oppos. at 5:9-11. These allegations are insufficient as a matter of law.[1]

14   **II.      THE OVERTIME CLAIM SHOULD BE DISMISSED**

15       ***First***, Plaintiff does not dispute that he and the putative class members ("PCMs") are

16   "truck drivers" who are necessarily covered by and exempt from overtime under the California

17   IWC's Wage Order No. 9 because their hours of service are regulated by the U.S. Department of

18   Transportation, and his Complaint fails to identify anyone who is not so exempt. *See Brown v.*

19   *Wal-Mart Stores, Inc.*, 2013 WL 1701581, *7 (N.D. Cal. Apr. 18, 2013) (dismissing overtime

20   claims for failure to identify putative class members who were not exempt).

21       ***Second***, Plaintiff's claim fails to satisfy the pleading standards of Rule 8. Plaintiff argues

22   that "the law does not require a plaintiff to plead specific instances of unpaid overtime before

23   being allowed to proceed to discovery to access the employer's records." *See* Oppos. at 6:17-18

24

25   _____

26       [1] *Raphael*, 2015 WL 4217905 at *3 (dismissing claims based on allegations that defendant
    committed Labor Code violations "at all relevant times"); *Silva v. AvalonBay Cmtys, Inc.*, 2015
27   WL 11422302, *8 (C.D. Cal. Oct. 8, 2015) ("The Complaint does not identify any particular
    workweek for which Plaintiff was allegedly denied … wages.").
28

1  (citing *Acho v. Cort*, 2009 WL 3562472 (N.D. Cal. Oct. 27, 2009)).[2]  But, Plaintiff's reliance on

2  *Acho* is misplaced because *Acho* predates *Landers*, which subsequently set the minimum standards

3  for pleading an overtime claim,[3] and his allegations fail to comply with *Landers'* mandate that he

4  allege the approximate number of hours he *himself* claims to have worked or otherwise show that

5  there was at least *one week* in which he was eligible for but denied overtime wages.

6  **III.   THE MEAL AND REST BREAK CLAIMS SHOULD BE DISMISSED**

7          Allegations that employees felt "pressured" not to take duty-free meal and rest breaks due

8  to overloaded schedules fail to state a claim for non-compliant breaks unless they allege "*facts*

9  *surrounding these alleged tactics*."  *Brown*, 2013 WL 1701581 at *5 (emph. added).  Plaintiff

10  argues that such facts are not required to be alleged because his theory of liability rests on the

11  notion that HESI lacked a meal and rest break policy or had a policy of not providing breaks.  But,

12  a plain reading of Plaintiff's Complaint shows that his allegations of HESI "not providing" breaks

13  are actually premised on a *pressure theory* resulting from overloaded route scheduling practices.[4]

14          Thus, Plaintiff's cited cases, *Ambriz v. Coca-Cola Co.*, 2013 WL 5947010, *3-4 (N.D. Cal.

15  Nov. 5, 2013), and *Khan v. K2 Pure Solutions, Inc.*, 2013 WL 6503345, *5, *8 (N.D. Cal. Dec. 4,

16  2013), are distinguishable because the plaintiffs there had alleged that no meal and rest breaks

17

18

---

19      [2] If Plaintiff needs discovery to substantiate his claim, his claim fails because his
20  "complaint itself must allege 'enough fact to raise a reasonable expectation that discovery will
    reveal evidence' of his claim."  *Davis v. Tower Select Ins. Co., Inc.*, 2013 WL 127724, *4 (E.D.
21  Cal. Jan. 9, 2013) (cit. omitted).  "Rule 8 … does not unlock the doors of discovery for a plaintiff
    armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  A
    plaintiff with such a deficient complaint "is not entitled to discovery, cabined or otherwise."  *Id.*

22      [3] *See, e.g.*, *Freeman v. Zillow, Inc.*, 2015 WL 5179511, *3 (C.D. Cal. Mar. 19,
23  2015)("[T]he reasoning in *Landers* also applies to Plaintiff's overtime claim asserted under the
    California Labor Code."); *Byrd v. Masonite Corp.*, 2016 WL 756523, *3 & n. 5 (C.D. Cal. Feb.
24  25, 2016) (same).

    [4] *See* Complaint, ¶¶ 105, 121 ("[HESI's] business model was such that [PCMs] were
25  assigned too much work that could not reasonably be completed in their assigned shift…."); *Id.* at
    ¶¶ 107-109, 122 ("[HESI] had a pattern and practice of scheduling routes and assigning too much
26  work to be completed in too short of time frames…"); *Id.* at ¶¶ 111, 123 (Because of [HESI's]
    demanding policies on route and/or completion times, Plaintiff and [the PCMs] felt that breaking
27  to exercise their rights to take [meal/rest] periods would sacrifice their jobs with [HESI]."); *Id.* at
    ¶¶ 112, 127 ("Based on [HESI's] demanding route and/or task completion time policies, Plaintiff
28  and [the PCMs] routinely worked through their [meal/rest] periods….").

1    were provided at all because the employer lacked any break policy.[5]  And even allegations that the

2    employer "never" provided breaks and "compelled" the plaintiff to work through breaks have been

3    held insufficient where they fail to "provide any of the factual circumstances of how or when that

4    occurred."  *Gonzalez v. Fallanghina, LLC*, 2016 WL 3951655, *6 (N.D. Cal. July 22, 2016).

5          The *only* seemingly *factual* allegations in Plaintiff's Complaint regarding HESI's

6    purported pressure tactics is that it had "demanding route completion time policies" that caused

7    Plaintiff and PCMs to "f[eel]" that "breaking to exercise their rights … would sacrifice their jobs."

8    *See* Complaint, ¶¶ 111, 123.  But Plaintiff does not allege any facts that would plausibly suggest

9    that any such policies even existed, much less that they forced him and PCMs to skip their breaks.

10   Indeed, whether or not any specific schedule or route was overloaded with deliveries such that

11   PCMs could not take meal breaks is a *conclusion* (and an individualized one at that) which cannot

12   be inferred without knowledge and consideration of numerous *facts*, including, *inter alia*, the time

13   the route began, the scheduled arrival and departure times of each delivery stop on the route, the

14   actual arrival and departure time for each delivery on the route, and the number of deliveries

15   assigned to each route.

16         In *Esquivel v. Performance Food Group, Inc.*, C.D. Cal. Case No. 2:11-cv-07284, the court

17   dismissed meal break claims with allegations that defendants "employed a routine policy or

18   practice of creating delivery routes that exerted significant time pressure on its drivers … [and] the

19   time pressure built into the route by Defendants routinely impeded Plaintiffs and other members of

20   the Class from taking … meal breaks in a timely fashion."  *See* Supp. Request for Judicial Notice,

21   Exh. I (*Esquivel* Order) at p. 3.  Thus, the mere allegation that Plaintiff was deprived of legally

22   compliant breaks because his schedule was "overload[ed]" is, like the rest of the allegations, vague

23   and *conclusory* and adds no actual supporting facts as to how HESI's schedules deprived Plaintiff

24

25         [5] *See Ambriz*, 2013 WL 5947010 at *3-4; *Bellinghausen v. Tractor Supply Company*, 2013
26   WL 5090869, *5 (N.D. Cal. Sept. 13, 2013) (distinguishing *Ambriz* because it alleged that the
     defendant *lacked* a break policy); *Khan*, 2013 WL 6503345 at *5, *8 (where the plaintiffs alleged
27   sufficient facts, including that, consistent with their misclassification theory, the defendant did not
     have a policy of providing exempt employees with breaks *and actively* discouraged the taking of
28   such breaks, as well as the identity of those who required them to work during meal breaks).

or anyone else of breaks.  Plaintiff does *not* allege that anyone at HESI told him and PCMs that their failure to complete a route within an assigned time frame could result in them risking the loss of their jobs, nor does he allege that he and PCMs were prevented from working longer hours to complete their routes or that any adverse consequences would actually flow from them working longer hours or otherwise failing to complete their routes within certain time frames.[6]

Plaintiff's cited cases – *Davenport v. Wendy's Co.*, 2014 WL 3735611, *6 (N.D. Cal. July 28, 2014), and *Fields v. W. Marine Products, Inc.*, 2014 WL 547502, *2 (N.D. Cal. Feb. 7, 2014) – are inapposite because the complaints in those cases alleged more facts than Plaintiff does here regarding the purported pressure that was placed on them to skip their meal breaks.[7]  In contrast, here, Plaintiff merely alleges that he and other drivers "felt" that they could not take legally-compliant breaks.  But there are no facts in the Complaint to plausibly suggest that this "feeling" was based on any directive by HESI.  As such, the allegations are insufficient.[8]

Plaintiff's other cited cases are also inapposite because none of them were decided in the context of a Rule 12 motion and/or they applied outdated and incorrect legal standards that are no

---

[6] Although not raised in Plaintiff's Opposition, the Complaint contains an allegation that HESI "valued productivity over providing meal periods."  *See* Complaint, ¶¶ 110, 125.  However, this allegation also fails to support a plausible claim for relief because, in addition to the reasons discussed herein, there is no basis for the Court to infer that HESI's purportedly promoting productivity caused Plaintiff or anyone else to miss meal breaks.

[7] In *Davenport*, 2014 WL 3735611 at *6, allegations that the defendant's "chronic understaffing," "tight restrictions placed on labor" and "speed of service standards," coupled with "receiving poor performance reviews, being unable to make bonuses, being demoted, reprimanded, and even terminated," for failure to meet these standards, made meal break claims plausible.  The *Fields* plaintiffs not only alleged that they were subjected to "high volume of work" and "limited staff," but they also provided portions of the employee handbook to show that compliant meal breaks were not provided and further alleged that the employees often worked alone at the facilities such that it was impossible for them to take duty-free meal breaks because there was no one to cover their work during those breaks.  2014 WL 547502, *2.

[8] *See, e.g.*, *Sanchez v. Ritz Carlton*, 2015 WL 5009659, *2 (C.D. Cal. Aug. 17, 2015) (holding that "a complaint must include plausible factual allegations that the plaintiff was a victim of the defendant's alleged violations of the labor laws" and dismissing meal break claims based on allegations that Defendants' policies forced class members to forego their meal breaks when they worked alone because they were required to be on duty at all times); *Freeman*, 2015 WL 5179511 at *5 (allegations that defendant "'demanded' that employees work through their 'meal and rest breaks while denying them compensation by automatically detracting this time from their previously auto-populated timesheets" and "had a consistent policy or practice" of "failing to provide employees with duty-free meal periods" failed to "raise the possibility of violations" where plaintiff failed to "allege a given instance" where meal or rest break was not provided).

1    longer applicable to an employer's obligation to provide meal breaks. *See Cicairos v. Summins*

2    *Logistics, Inc.*, 133 Cal.App.4th 949 (2005) (summary judgment motion); *Jaimez v. DAIOHS USA,*

3    *Inc.*, 181 Cal.App.4th 1286 (2010) (class certification motion); *Dilts v. Penske Logistics, LLC*, 267

4    F.R.D. 625 (S.D. Cal. 2012) (same); *Espinoza v. Domino's Pizza, LLC*, 2009 WL 882845 (C.D.

5    Cal. Feb. 18, 2009) (same).

6       Finally, Plaintiff's argument that the Complaint adequately states a cause of action for

7    second meal break violations based on his allegation that HESI "had no policy that advised

8    Plaintiff and those similarly situated of their right to take a second meal period," *see* Oppos. at

9    8:3-5 (citing Complaint at ¶ 113), was rejected in *Bellinghausen, supra*. 2013 WL 5090869 at *3-

10   4 (allegation that employees "were never appropriately advised … to take their meal breaks" was

11   inadequate because there is no "duty to advise employees of those rights in a specific manner").

12       Where, as here, Plaintiff's allegations are based on nothing more than conclusions and

13   unsupported inferences, he must, at a minimum, allege specific facts regarding the circumstances

14   that led to his own missed meal and rest breaks, but he has failed to do so.  *Sanchez*, 2015 WL

15   5009659 at *2; *Freeman*, 2015 WL 5179511 at *5.  Accordingly, Plaintiff's Complaint fails to

16   state plausible claims for relief for meal and rest break violations.

17   **IV.**    **THE ALLEGATIONS REGARDING PURPORTED VIOLATIONS OF CAL. LAB.**

18           **CODE §§ 1174 AND 1175 SHOULD BE STRICKEN**

19       While Plaintiff **does not dispute** that there is **no private right of action** under Labor Code

20   §§ 1174 and 1175, he remarkably tries to argue that his allegations of purported violations of those

21   statutes should nevertheless be permitted to be pled in the Complaint because he is not seeking

22   any damages pursuant to those statutes.  Plaintiff's illogical assertion only further reinforces that

23   the Court should strike those allegations because they are *irrelevant* and *immaterial* given that

24   Plaintiff admittedly does not – and cannot – assert any actual, direct clams for such violations.

25   **V.**     **THE WAGE STATEMENT CLAIM SHOULD BE DISMISSED**

26       ***First***, Plaintiff's conclusory allegation of HESI's purported "knowing and intentional"

27   failure to comply with the Cal. Labor Code § 226's ("Section 226") wage statement requirements

28   is insufficient under Rule 8.  *See Brown*, 2013 WL 1701581 at *8.  And Plaintiff's attempt to

improperly inject new "facts" into his Complaint by way of his Opposition, in which he asserts that "because [HESI] did not compensate Plaintiff and the [PCMs] for all hours worked, [it] also intentionally provided wage statements that did not accurately reflect the actual wages earned during the pay period," Oppos. at 14:10-12, should be disregarded.  *See, e.g.*, *U.S. ex rel. Knapp v. Calibre Sys., Inc.*, 2011 WL 4914711, *4 (C.D. Cal. Oct. 17, 2011) (refusing to consider "new" allegation present only in opposition papers on a Rule 12 motion); *Tan*, 2016 WL 1110236, at *5.

**Second**, rather than conceding the indisputable fact that the Complaint makes *no mention whatsoever* of the requisite "injury" to state a claim for Cal. Lab. Code § 226(e) ("Section 226(e)") penalties, Plaintiff *inaccurately recites* and thus *misrepresents* the actual allegations of his Complaint by injecting new, non-existent allegations in an attempt to avoid dismissal of his wage statement penalties claim.  To that misguided end, Plaintiff argues that "injury" was adequately pled because Paragraph 134 of the Complaint asserts that "the inaccurate wage statements make it appear that Plaintiff and class members have been paid for all hours worked when in fact they have not," while Paragraph 137 of the Complaint asserts that "Plaintiff and class members must expend additional time and incur expenses that would not otherwise have been expended or incurred in order to determine the wages they were owed but never paid."  Oppos. at 15:9-14 (citing Complaint, ¶¶ 134, 137).  But no such allegations actually exist in the referenced paragraphs of the Complaint or otherwise.

**Third**, a cognizable injury under Section 226(e) requires a showing that the employee is prevented from "promptly and easily determin[ing] from the wage statement alone … the amount of gross wages or net wages *paid* to the employee *during the pay period* or *any of the other information required*."  Cal. Lab. Code § 226(e)(2)(B)(i) (emph. added).  This phrase can only be interpreted to mean that an "injury" requires a showing that the wage statement is inaccurate as to the wages and hours **actually paid**, and **_not_** those an employee claims **should have been paid**.  *See De La Torre v. Am. Red Cross*, 2013 WL 5573101, *6 (C.D. Cal. Oct. 9, 2013); Motion, Exh. C, *Driscoll* Stmt. of Dec. at p. 22 ("[S]ince Plaintiffs admit that Graniterock's wage statements accurately stated the pay they *were* provided … judgment is granted on this [claim]").  Plaintiff's reliance on *Pena v. Taylor Farms Pacific, Inc.*, 2014 WL 1665231 (E.D. Cal. Apr. 23, 2014), is

unavailing because the court in that case conflated its analysis of Section 226(a) and Section 226(e).  It held only that Section *226(a)* requires wage statements to accurately report wages earned, but did not consider whether penalties under Section *226(e)* are available where, as here, there is no dispute that Plaintiff was able to determine from the wage statement alone the wages *actually paid* during the pay period.

**Fourth**, although *Murphy v. Kenneth Cole*, 40 Cal.4th 1094 (2007), held that the remedy provided under Section 226.7 is a "premium wage" for *statute of limitations* purposes, the court concurrently recognized that it is "an amount of compensation" for "*noneconomic injuries*."  *Id.* at 1111-13 (emph. added).  Thus, to the extent *Murphy* characterized the Section 226.7 payment as a "premium *wage*," it did so only narrowly for statute of limitations purposes.[9]  In addition, *Murphy* did not undertake an independent analysis of whether Section 226.7 payments constitute "wages" that must be itemized under Section 226(a).  40 Cal.4th at 1113.  However, that issue was addressed and decided in *Nguyen v. Baxter Healthcare Corp.*, 2011 WL 6018284, *8 (C.D. Cal. Nov. 28, 2011), where the court held that Section 226.7 payments are "not wages earned for purposes of Section 226(a)" and, therefore, "Section 226(a) does not require that wage statement[s] include an itemized listing of any [Section 226.7] premium payments."[10]

## VI.  THE WAITING TIME PENALTIES CLAIM SHOULD BE DISMISSED

**First**, in *Lopez v. Aerotek, Inc.*, 2015 WL 4504691, *2 (C.D. Cal. July 23, 2015), which was decided *after* the cases cited in Plaintiff's Opposition (*Ambriz*, *supra*, and *Yuckming Chui v. Citrix Systems, Inc.*), the court dismissed claims for waiting time penalties because the plaintiff did

---

[9] *See also Kirby v. Immoos Fire Prot., Inc.*, 53 Cal.4th 1256 (2012) ("[W]e held in *Murphy* that [the section 226.7 payment] is a 'wage' *for purposes of determining what statute of limitations applies to section 226.7 claims*.") (emph. added);  *Jones v. Spherion Staffing LLC*, 2012 WL 3264081, *9 (C.D. Cal. Aug. 7, 2012) ("[T]he later decision in *Kirby* demonstrated that *Murphy's* holding is limited.").

[10] Plaintiff's other cited cases ostensibly to the contrary are inapposite.  Indeed, *Avila v. Pinkerton Gov't Servs.*, 286 F.R.D. 450 (C.D. Cal. 2012), is unavailing because it was decided in the context of a class certification motion.  *Ricaldai v. U.S. Investigations Servs.*, 878 F.Supp.2d 1038, 1047 n. 4 (C.D. Cal. 2012), summarily decided without any explanation that a claim for Section 226 penalties would succeed if the plaintiff succeeded on her claim for meal break violations.  Indeed, the *Ricaldai* court did not actually consider whether Section 226.7 payments constituted wages earned for purposes of Section 226(a).

1    "not even generally allege what wages were earned and paid at the time of termination, nor [did]

2    she allege how and in what manner any final wage payment was untimely."  Plaintiff's Complaint

3    is likewise devoid of any such allegations plausibly suggesting a willful violation by HESI, in

4    addition to others, such as the date of his termination and/or the date his final paycheck was

5    received.  Plaintiff's allegation that HESI "intended to commit the underlying violations (i.e.,

6    minimum wage and meal and rest period violations)," *see* Oppos. at 17:20-21, is no different from

7    the defective allegations in the analogous wage statement violations context addressed in *Brown*,

8    in which allegations that the defendant "knew it was requiring [employees] to work hours for

9    which it knew it was not paying [them], and it further knew that its wage statements were not

10   including such earned wages" failed to support a claim that the employer knowingly and

11   intentionally violated the wage statement requirements.  2013 WL 1701581 at *8.  Indeed, the

12   mere failure to make payments at termination cannot establish a "willful" failure to timely pay all

13   final wages.  *See* Motion, Exh. C (*Driscoll* Stmt. of Dec.) at p. 23.

14           **Second**, the courts in *Rodriguez v. Old Dominion Freight Line, Inc.*, U.S.D.C. C.D. Cal.

15   Case No. 13-cv-00891 DSF (RZx), and *Singletary v. Teavana Corporation*, 2014 WL 1760884, *4

16   (N.D. Cal. Apr. 2, 2014), held that Section 203 penalties are not available based on the failure to

17   make Section 226.7 payments at termination.  Motion, Exh. H.  Plaintiff's cited cases ostensibly to

18   the contrary are inapposite because they conflict not only with *Rodriguez* and *Singletary* but also

19   predate and conflict with the California Court of Appeal's more recent observation in *Ling v. P.F.*

20   *Chang's China Bistro, Inc.*, 245 Cal.App.4th 1242, 1261 (2016), which rejected the notion that a

21   Section 226.7 payment is a "wage as that term is used in [S]ection 203…."

22   **VII.    THE UCL CLAIM SHOULD BE DISMISSED**

23           Plaintiff erroneously argues that Section 226.7 payments can be recovered as restitution

24   under the UCL.  As HESI has already demonstrated and the California Supreme Court has

25   acknowledged, Section 226.7 payments are more properly characterized exclusively as *damages*.

26   *See Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal.4th 1004, 1040-41 (2012); *Kirby*, 53 Cal.4th at 1255;

27   *Nguyen*, 2011 WL 6018284 at *8.  However, Plaintiff argues that they can be recovered as

28   restitution under the UCL, relying on *Cortez v. Purolator Air Filtration Prods., Co.*, 23 Cal.4th 163

(2000).  But *Cortez* lends no support to Plaintiff's argument because it did not decide whether Section 226.7 payments were recoverable under the UCL.  Instead, *Cortez* held that "*overtime pay*" was "a restitutionary remedy that could be fashioned by the court in the exercise of its equitable power."  *Id.* at 176.  The remaining cases cited in Plaintiff's Opposition are inapposite because they *predate Brinker*, *Kirby* and *Nguyen*, in which the California Supreme Court acknowledged that Section 226.7 payments are more properly characterized exclusively as damages, and/or they erroneously rely on *Cortez* and its progeny, which are inapposite because they did not address or decide whether Section 226.7 payments are recoverable as restitution under the UCL.  Therefore, Plaintiff's UCL claim should be dismissed or stricken as requested.

## VIII.   THE INJUNCTIVE RELIEF CLAIM SHOULD BE DISMISSED OR STRICKEN

*Rosenberg v. Renal Advantage, Inc.*, 2013 WL 3205426, *9 (S.D. Cal. June 24, 2013), and *Cortez*, *supra*, on which Plaintiff rely, conflict with the legion of authorities that hold that former employees lack standing to seek prospective injunctive relief under the UCL.  *See* Motion at 22:23-23:2.  Furthermore, *Rosenberg* relied solely on *Cortez*, *supra*, but *Cortez* is a state court case that is inapplicable in federal court where standing is governed by Article III.  Indeed, "'a plaintiff whose cause of action [under the UCL] is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury' to establish Article III standing."  *Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998, 1021-22 (9th Cir. 2004) (cit. omitted).  Therefore, Plaintiff's injunctive relief claim should be stricken.

## IX.    THE PRAYER FOR ATTORNEYS' FEES IN CONNECTION WITH PLAINTIFF'S CLAIMS FOR SECTION 226.7 VIOLATIONS SHOULD BE STRICKEN

Plaintiff argues that HESI "mistakenly states that Plaintiff is seeking attorneys' fees under Labor Code § 226.7," and that he should be permitted to recover attorneys' fees pursuant to Code Civ. Proc. § 1021.5 ("Section 1021.5").  *See* Oppos. at fn. 10.  Not only does Plaintiff mischaracterize HESI's argument (which does *not* characterize his request for attorneys' fees as being sought under Section 226.7), but he also mischaracterizes the allegations and prayer of his Complaint because ***nowhere*** in Plaintiff's allegations of purported meal and rest break violations

1  does he cite to Section 1021.5 as a basis for his request for attorneys' fees.  Indeed, Paragraphs

2  116 and 131 of Plaintiff's Complaint request an award of attorneys' fees **only** "pursuant to *Labor*

3  *Code* sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, 9-2001," **none** of which

4  authorize an award of such fees to a party that prevails on a Section 226.7 claim.

5       To the extent Plaintiff now improperly attempts to assert in his Opposition that his claim

6  for attorneys' fees in connection with his Section 226.7 claim is sought pursuant to Section

7  1021.5, his request still fails and should be stricken because Plaintiff is not entitled to attorneys'

8  fees under Section 1021.5 given that the primary purpose and effect of Plaintiff's lawsuit is to

9  advance his *individual economic interests* and recover alleged monetary penalties *for himself.*

10 Advancement of a significant public benefit is a prerequisite for seeking and obtaining an award of

11 attorneys' fees under Section 1021.5.  *Families Unafraid to Uphold Rural El Dorado City. v. Bd.*

12 *of Supervisors*, 79 Cal.App.4th 505, 511 (2000).  But Plaintiff is plainly motivated *solely* by his

13 own personal pecuniary interests in bringing this lawsuit because his Complaint makes no mention

14 of public rights, interests or benefits, and he is not even entitled to seek injunctive relief on behalf

15 of current employees.  Therefore, Plaintiff's requests for an award of attorneys' fees under Section

16 1021.5 should be stricken.

17 **X.   THE REQUEST FOR SECTION 226 REMEDIES IN CONNECTION WITH**
   **PLAINTIFF'S CLAIMS FOR SECTION 226.7 VIOLATIONS SHOULD BE**
18 **STRICKEN**

19      Nothing in the language of Section 226 authorizes the recovery of premium wages,

20 interest, penalties or attorneys' fees and costs for direct violations of *Section 226.7's meal and rest*

21 *break laws*.  Because Paragraphs 116 and 131 of the Complaint request recovery of *Section 226*

22 remedies in connection with Plaintiff's claims for *meal and rest break* violations (as distinguished

23 from *Section 226* violations), they should be stricken from the Complaint.

24 DATED:  October 11, 2016         **MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**

25

26         By:  /s/ Matthew C. Kane
                   Matthew C. Kane, Esq.
                   Sabrina A. Beldner, Esq.
27                 Sylvia J. Kim, Esq.
                Attorneys for Defendant
28              HALLIBURTON ENERGY SERVICES, INC.

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [4]  (In Chambers)

The matter is before the Court on Defendant Performance Food Group Inc.'s ("Defendant") Motion to Dismiss and/or Strike Plaintiffs' First Amended Complaint ("FAC").  ("Motion"; docket no. 4.)  The Court previously deemed the matter appropriate for decision without oral argument and took the matter under submission. The Court has reviewed the pleadings filed in connection with this matter and, for the reasons stated below, the Court GRANTS the Motion.

## I.    Factual Background

This putative class action arises out of an alleged failure to provide timely, off duty meal breaks to truck drivers.  Plaintiffs Henry Esquivel ("Esquivel"), Alfredo Juarez ("Juarez"), and Steven Mustin ("Mustin") were employed by Defendant as route delivery drivers from approximately April 2005 thorough November 5, 2010, April 2009 through December 2009, and August 2008 through December 2009, respectively.  (FAC  ¶¶ 6–8.) Plaintiffs allege that, throughout their employment, Defendant scheduled their delivery routes such that Plaintiffs were unable to take duty-free meal breaks.  Plaintiffs claim that they were prevented from taking meal breaks because of the time pressure that they were under to make deliveries by a certain time of day.  Further, Plaintiffs allege that even though they were unable to take meal breaks, Defendant failed to pay them a premium wage for working through the meal breaks.  Finally, Plaintiffs claim that because their wage statements did not include amounts allegedly due for missed meal break premium wages, the wage statements were inaccurate.

Based on these allegations, Plaintiffs' First Amended Complaint ("FAC") alleges the following causes of action: (1) failure to provide timely off-duty meal periods or pay missed meal break premium pay in violation of IWC Wage Order No. 7, §11; Cal. Labor

**EXHIBIT I**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|----------|--------------------------|------|-------------------|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

Code §§ 226.7, 512; (2) failure to issue accurate itemized wages statements in violation of California Labor Code §§ 226 and 226.3; (3) failure to pay all compensation due upon separation of employment in violation of California Labor Code §§ 201–203; and (4) unfair, unlawful, and fraudulent business practices in violation of California Business and Professional Code §17200 et seq.

The original complaint was filed in state court on July 19, 2011.  Thereafter, Plaintiffs filed the FAC on August 19, 2011.  On September 2, 2011, Defendant removed the case to this court under the Class Action Fairness Act.  (Docket no. 1.)  Defendant filed the instant Motion to Dismiss and/or Strike on September 16, 2011.  (Docket no. 4.)  Plaintiffs filed an Opposition, and Defendant filed a Reply.  (Docket nos. 17–18.)

## II.    Legal Standard

Rule 12(b)(6) permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In evaluating a motion to dismiss, the court must accept as true all material factual allegations in the pleading and construe them in the light most favorable to the plaintiff.  *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004).  However, this tenet is inapplicable to legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.*  Based on judicial experience and common sense, the court must determine whether a pleading plausibly states a claim for relief.  *Id.* at 1950.  If a complaint is dismissed, leave to amend is liberally granted.  Fed. R. Civ. P. 15(a); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

## III.   Discussion

Defendant moves to dismiss Plaintiff's FAC in its entirety.  The Court addresses each claim in turn below.

### 1.    Failure to Provide Off-Duty Meal Breaks or Pay Missed Meal Break Premium

Plaintiffs claim that Defendant structured their driving delivery schedules such that they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

were unable to take timely off-duty meal breaks and then failed to pay Plaintiffs premium pay for missed meal breaks, in violation of California Labor Code Section 226.7 ("Section 226.7")[1] and 512 ("Section 512")[2] and California Industrial Welfare Commission ("IWC") Wage Order No. 7-2001(11) (codified at 8 Cal. Code Regs., tit. 8, § 11070). (FAC ¶¶ 20–22.) Defendant moves to dismiss the first cause of action for failure to plead adequately a viable claim. (Motion at 6.)

The Court agrees that Plaintiffs' FAC, which contains broad and conclusory allegations, fails to plead a plausible claim. Plaintiffs mainly allege that Defendants "employed a routine policy or practice of creating delivery routes that exerted significant time pressure on its drivers . . . . [and] [the time pressure built into the route by Defendants routinely impeded Plaintiffs and the other members of the Class from taking 30-minute, off-duty meal breaks in a timely fashion." (FAC ¶ 22.) However, Plaintiffs fail to present their allegations with the required specificity. For example, Plaintiffs fail to allege why they could not have taken their 30–minute meal breaks at some point along their routes,

---

[1] Section 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

[2] Section 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

**EXHIBIT I**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

especially as they were working "12 to 15 hours per day." (*Id.* ¶ 20.) Further, although Plaintiffs allege that the pressure to deliver by the "lunch-time rush" prevented them from taking timely meal breaks, because Plaintiffs do not allege the start and end times of their work day, the FAC is silent as to why Plaintiffs could not take meal breaks before or after the "lunch-time rush." (*Id.* ¶ 23.) Finally, because Plaintiffs allege that they were paid on the basis of a "piece rate system that included . . . specific amounts allotted to the miles completed by drivers," without more specific allegations of how Defendant discouraged or prevented them from taking meal breaks, it appears that Plaintiffs had an economic incentive not to take meal breaks, even if Defendant had adequately provided meal breaks. (*See id.* ¶ 20.)

Thus, the Court finds that Plaintiffs' bare, conclusory allegations that Defendant did not provide them with off-duty meal breaks or missed meal break pay are not sufficient to state a claim. *See Iqbal*, 129 S. Ct. at 1949. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. V Twombly*, 550 U.S. 544, 555 (2007)(internal citations omitted). Therefore, the Court dismisses without prejudice Plaintiffs' first cause of action.[3]

## 2.    Failure to Provide Accurate Itemized Wage Statements

Plaintiffs claim that Defendant violated California Labor Code Section 226 ("Section 226") by failing to include payments for missed meal breaks on Plaintiffs' wage statements. Plaintiffs allege that Defendants "knowingly provided Plaintiffs and other members of the Class with weekly itemized wage statements containing inaccurate information regarding the wages earned by Plaintiffs and members of the Class in that the payments owed to Plaintiffs and the members of the Class for untimely or missed meal

---

[3]    The California Supreme Court is considering the scope of an employer's obligation to "provide" meal breaks, and whether that includes an obligation to somehow "ensure" that those breaks are taken. *See, e.g., Brinkley v. Public Storage, Inc.*, 198 P.3d 1087, 87 Cal.Rptr.3d 674 (Jan. 14, 2009), and *Brinker Restaurant Corp. v. Superior Court*,196 P.3d 216, 85 Cal.Rptr.3d 688 (Oct. 22, 2008). Plaintiffs argue that until the California Supreme Court rules, the Court of Appeals decision in *Cicairos v. Summit Logistics, Inc.*, holding that employers have "an affirmative obligation to ensure that workers are actually relieved of all duty", is still good law. 133 Cal.4th 949, 962–63 (2005) (citing Dept. of Industrial Relations, ELSE, Opinion Letter No. 2002.01.28 (Jan. 28, 2002) p. 1.). The Court need not address this issue because the FAC's bare allegations are not sufficient to state a claim.

EXHIBIT I

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

periods were not included in gross wages earned by Plaintiffs and the Class."  (FAC ¶ 47.)  Plaintiffs also allege that the pay stubs were confusing because they listed a d/b/a name of the company as the employer. (*Id.*)

As an initial matter, Plaintiffs concede that Juarez's and Mustin's individual claims are time-barred because the one year statute of limitations has passed.  (Opp'n at 13.)

As to Plaintiff Esquivel, to the extent that his claim is premised on his Section 226.7 claim, this derivative claim is also dismissed without prejudice because the Court has dismissed his Section 226.7 claim.  To the extent that Esquivel's claim rests upon the argument that the pay stubs were confusing, the claim also fails.  In the absence of any authority to support the allegation of injury on the fact that the pay stubs listed Performance Group as the employer but the W-2 forms listed Vistar Corporation, the Court dismisses this claim.

Accordingly, Plaintiffs' Second Cause of Action for failure to issue accurate itemized wages statements in violation of California Labor Code §§ 226 and 226.3 is dismissed without prejudice.

### 3.    Failure to Pay Timely Wages Upon Separation

Plaintiffs claim Defendant violated California Labor Code § 203 by failing to pay missed meal break premium wages upon termination.  (FAC ¶ 52.)  Because Plaintiffs' Section 203 claims are premised on their Section 226.7 claim, which the Court has dismissed in this Order, this derivative claim is also dismissed without prejudice.

### 4.    UCL Violations

Plaintiffs claim Defendant violated California's Unfair Competition Law as codified in California Business and Professions Code § 17200 *et seq.*  (FAC ¶¶ 56–64.)  Defendant moves to dismiss Plaintiffs' claims to the extent it relies on underlying substantive claims that are dismissed.  (Motion at 18.)

If a plaintiff's claim for an underlying action fails, he cannot make a claim under § 17200.  *See Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1033 (N.D. Cal. 2010) ("Because Plaintiff has failed to state claims for any underlying violation of state or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07284-JHN -PJWx | Date | November 14, 2011 |
|---|---|---|---|
| Title | Henry Esquivel et al v. Performance Food Group Inc et al | | |

federal law, he cannot proceed on his unfair competition law claim under § 17200."). Here, because this Order dismisses the underlying claims supporting the Section 17200 claim, the Court also dismisses without prejudice Plaintiffs' Section 17200.

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.  Plaintiffs may file an amended complaint by no later than **December 5, 2011**.[4]

## IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[4]   Defendant also argues that Plaintiffs' class action allegations should be dismissed or stricken because it is patently apparent that they cannot satisfy the commonality and superiority elements required for class certification.  (Motion at 23.)  Whether the case should be certified as a class action is more appropriately addressed in a motion for class certification.

EXHIBIT I