# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GUERRERO,<br>*on behalf of himself, all others similarly situated, and on behalf of the general public*<br><br>Plaintiffs,<br><br>v.<br><br>HALLIBURTON ENERGY SERVICES, INC., *et al.*,<br><br>Defendants. | Case No. 1:16-CV-1300-LJO-JLT<br><br><br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE<br><br><br>(ECF No. 4) |

On July 18, 2016, Plaintiff Luis Guerrero ("Plaintiff") commenced this action, individually and on behalf of similarly situated individuals, against his former employer Halliburton Energy Services, Inc. ("Defendant") and Does 1-100, inclusive (collectively, "Defendants"), in Kern County Superior Court. ECF No. 1-1 ("Compl."). According to his complaint, Plaintiff formerly worked for Defendant as "a non-exempt truck worker, industrial worker, industrial truck driver, industrial vehicle driver, industrial worker and/or any similar job designation." *Id.* ¶ 27. Plaintiff alleges that Defendant violated provisions of the California Labor Code ("CLC"), Business and Professions Code ("CBPC"), and several of the Industrial Welfare Commission's Wage Orders for at least four years prior to the filing of this action and continuing to the present. *Id.* Specifically, the complaint sets forth the following causes of action: (1) failure to pay all straight time wages; (2) failure to pay overtime when employees worked over 8 hours per day[1]; (3) failure to provide meal periods or compensation in lieu thereof, in violation of CLC §§ 226.7, 512, and Wage Order Nos. 9-1998, 9-2000, 9-2001 (11); (4)

---
[1] Plaintiff did not identify which provisions of California labor law apply to his first two causes of actions.

failure to authorize and permit rest periods, in violation of CLC § 226.7, Wage Order Nos. 9-1998, 9-2000, 9-2001(12); (5) knowing and intentional failure to comply with itemized employee wage statement provisions, in violation of CLC §§ 226, 1174, 1175; (6) failure to pay all wages due at the time of termination from employment, in violation of CLC §§ 201-203; (7) "violation of unfair competition law," in violation of CBPC § 17200, *et seq*, commonly known as California's Unfair Competition Law ("UCL"). Compl. ¶¶ 84-155.

Defendant subsequently removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. Now before the Court is Defendant's motion to dismiss the under complaint under Federal Rule of Civil Procedure 12(b)(6) [2] or, alternatively, to strike portions of the complaint under Rule 12(f). ECF No. 4. Defendant asserts that (1) Plaintiff's first, second, third, and fourth cause of action fail to comply with Rule 8's pleading requirements; (2) Plaintiff's fifth cause of action fails as a matter of law because it does not comply with Rule 8, fails to allege the requisite injury, and misapprehends CLC §§ 226 and 226.7; (3) Plaintiff's sixth cause of action fails because it does not comply with Rule 8, and misapprehends CLC §§ 201 and 226.7; and (4) Plaintiff's seventh cause of action fails because it does not comply with Rule 8, and misapprehends CLC § 226 and the UCL. *See id.* Furthermore, Defendant asks that the Court strike Plaintiff's requests for injunctive relief, attorney's fees, and remedies under CLC § 226. *See id.* In connection with its motion, Defendant also filed a request for judicial notice. *Id.* at 14.[3]

Plaintiff filed his opposition (ECF No. 7), and Defendant replied (ECF No. 8). The matters are appropriate for resolution without oral argument. *See* E.D. Cal. L.R. 230(g). Having reviewed the record and the parties' briefing in light of the relevant law, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

**LEGAL STANDARD**

**I.     Rule 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either

---

[2] All further references to any "Rule" are to the Federal Rules of Civil Procedure, unless otherwise indicated.

[3] Pincites refer to CM/ECF pagination located at the top of each page.

a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

Finally, in ruling on a Rule 12(b)(6) motion, "[a] court may take judicial notice of [undisputed] matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also*

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). Moreover, the court is permitted to consider matters that are proper subjects of judicial notice under Rule 201 of the Federal Rules of Evidence: facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Lee*, 250 F.3d at 668.

## I.    Rule 12(f)

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted).

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Alco Pacific*, 217 F. Supp. 2d at 1033. "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.* (internal quotation marks and citations omitted). "The possibility

4

that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Id*. (citing *Fogerty*, 984 F.2d at 1528).

**DISCUSSION**

**I.    Request for Judicial Notice**

In support of its motion to dismiss and reply to Plaintiff's opposition, Defendant requests that the Court take judicial notice of several documents, all of which are federal or state court orders, or records from the California Legislature, the California Department of Industrial Relations, and the California Division of Labor Standards Enforcement. *See* ECF No. 1 at 14-15; ECF No. 8 at 7. Because these items are undisputed matters of public record and proper subjects of judicial notice under Federal Rule of Evidence 201, the Court GRANTS Defendant's request.

**II.   Sufficiency of Complaint**

A.    <u>Failure to Pay Straight Time Wages</u>

Plaintiff alleges that Defendants breached their legal duty to pay all the wages due to Plaintiff and class members by "devis[ing] an auto-meal deduct practice, manual method, electronic system, payroll system and/or computer program to edit the actual hours reported by Plaintiff and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day and/or Plaintiff and the Class members were not relieved of all duties." Compl. ¶ 87. Defendants "did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and Class members … [but] without a reasonable basis, presumed that actual reported hours had not been accurately reported." *Id.* "The conduct complained of is a form of what is sometimes called 'dinging,' 'shaving,' or 'scrubbing' and is prohibited by law." *Id.* ¶ 87. However, while alleging that Defendant violated the law, Plaintiff fails to cite what provisions of law Defendants purportedly violated.[4] Moreover, aside from the general allegation that Defendants engaged in unlawful conduct for at least four years

---

[4] The Court acknowledges that under the heading of the first cause of action, Plaintiff alleges that Defendants "also failed to pay for the overtime that was due pursuant to [CLC §§] 510, 515 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A)." Compl. ¶ 87. However, this allegation is more pertinent to Plaintiff's second cause of action and does not relate to the factual allegations in the first cause of action.

prior to the filing of this case (*id*. ¶¶ 5-13), Plaintiff provides no dates as to when these purported violations occurred.

In *Landers v. Quality Communications, Inc.*, the Ninth Circuit set forth the standard for pleading wage and hour claims, post *Twombly* and *Iqbal*. 771 F.3d 638 (9th Cir. 2014). The plaintiff in *Landers* alleged that the defendants, *inter alia*, failed to pay him the wages he was due without providing any detail regarding a given workweek when he was not paid his wages. *Id.* at 646. Although the Ninth Circuit declined "to impose a requirement that a plaintiff alleging failure to pay minimum wages or overtime wages must approximate the number of hours worked without compensation," it nevertheless held that "at a minimum, the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Id.* The Ninth Circuit noted that although the plaintiff's allegations "'raise[d] the possibility' of undercompensation … a possibility is not the same as plausibility." *Id.* (citing *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)). The allegations, which lacked any specificity as to the time frame, were therefore insufficient under Rule 8. *Id.*

District courts applying *Landers* "have offered varying and possibly inconsistent standards for stating wage-and-hour claims under California law." *Sanchez v. Ritz Carlton*, No. CV 15-3484 PSG (PJWx), 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015) (citing cases). "On the one hand, *Landers* clarifies that mere conclusory allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week—without any further detail fall short of *Twombly/Iqbal*." *Tan v. GrubHub Inc.*, 171 F. Supp. 3d 998, 1007 (N.D. Cal. 2016).  "On the other hand, *Landers* does not require the plaintiff to identify an exact calendar week or particular instance of denied overtime," but the plaintiff must supply allegations that "give rise to a plausible inference that there was such an instance." *Id.* at 1008.  At a minimum, "there must be something beyond conclusory allegations that 'ties the alleged labor-code violation to Plaintiffs' such as 'allegations about either Plaintiff's schedules to substantiate that they worked double/overtime shifts that would trigger overtime pay[.]" *Id.* (citing *Sanchez*, 2015 WL 5009659, at *3)).

In his opposition, Plaintiff claims that he has satisfied the requirements identified in *Landers*

6

because he has alleged that "due to Defendant's auto-deduct policy, he is owed wages for time spent working during meal periods every day he worked for Defendant over the past four years from the date of filing the Complaint." ECF No. 7 at 13. Even so, the Court finds that Plaintiff's allegations are essentially the same as those presented in *Landers*—he has alleged that Defendants did not pay him all of the wages due to him without providing details as to one specific workweek when this occurred. Compl. ¶¶ 10-13, 84-89. Plaintiff's allegations are overly general and therefore preclude the Court from making a plausible inference that Defendants engaged in the alleged conduct during at least one workweek. *See, e.g.*, *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx), 2016 WL 756523, at *3 n.6 (C.D. Cal. Feb. 25, 2016) (complaint alleging that defendant "[d]uring the relevant time period, failed to pay minimum wage to Plaintiff and the other class members as required" was insufficient under *Landers*). For purposes of the pending motion, Plaintiff has failed to set forth "sufficient allegations of underlying facts to give fair notice and to enable [Defendants] to defend [themselves] effectively." *Starr*, 652 F.3d at 1216; *see also Raphael v. Tesoro Ref. and Mktg. Co. LLC*, No. 2:15-cv-02862-ODW(Ex), 2015 WL 4127905, at *3 (C.D. Cal. July 8, 2015) (plaintiff's allegations "read the same way, barren of facts describing specific periods of time where pay was denied or specific practices engaged in by [defendant] and instead only offer[] conclusory language, and for that reason each is insufficient to withstand [defendant's motion to dismiss]"). Therefore, the Court dismisses this claim with leave to amend.

B.   Failure to Pay Overtime[5]

Second, Plaintiff alleges that Defendants "failed to pay overtime when employees worked over 8 hours per day and when employees worked over 40 hours per week," and that Defendants "devised a computer program to edit the actual hours reported by Plaintiff and the Class Members, deducting a portion of the hours shown as worked hour when a meal period and/or rest period was not taken during the work day. Compl. ¶¶ 94, 96. Again, aside from the general allegation that Defendants engaged in this conduct for at least four years prior to the filing of the suit, Plaintiff provides no dates as to when this conduct allegedly occurred.

---

[5] Because the Court finds that this cause of action fails under Rule 8, the Court need not address the parties' arguments regarding exemption.

7

*Landers* applies to this claim as well. Just as with Plaintiff's straight time wages claim, Plaintiff "must allege at least one workweek when he worked in excess of forty hours and was not paid overtime for that given workweek." 771 F.3d at 746. "Although plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* (citing *Dejesus v. HF Mgmt. Svcs., LLC.*, 726 F.3d 85, 90 (2d Cir. 2013)).

For the same reasons above, the Court finds that Plaintiff's allegations are insufficient under *Landers*. The Court agrees with Defendant that Plaintiff's reliance on *Acho v. Cort*, No. C 09-00157 MHP, 2009 WL 3562472 (N.D. Cal. Oct. 27, 2009) is inapposite, as *Acho* predates *Landers*, and therefore does not apply the correct legal standard. Because Plaintiff's allegations fail to identify "at least one workweek when he worked in excess of forty hours and was not paid overtime for that given workweek," this allegation fails under Rule 8. *See Landers*, 771 F.3d at 746; *see also Freeman v. Zillow, Inc.*, No. SACV 14-01843-JLS (RNBx), 2015 WL 5179511, at *4 (C.D. Cal. Mar. 19, 2015) (plaintiff's allegations that defendant's "automated timekeeping system [that] programmed to auto-populate its employees' hour worked to begin at 8:00 am and end at 4:00pm, regardless of employees overtime hours worked" failed to "provide sufficient detail about the length and frequency of [plaintiff's] unpaid work to support a reasonable inference that [plaintiff] worked more than forty hours in a given week"). Accordingly, the Court dismisses this claim with leave to amend.

C. <u>Failure to Provide Meal and Rest Periods</u>

Plaintiff's third and fourth causes of actions pertain to Defendants' alleged failure to provide the meal and rest periods required by CLC § 226.7 and IWC Wage Order 9-2001 § 3. Plaintiff alleges that Defendants failed to provide the requisite 30-minute uninterrupted meal periods to non-exempt employees who worked for work periods of more than 5 consecutive hours, and 10-minute rest periods for 4-hour work periods, and that Plaintiff and the other class members were required to work continuously without being provided either the meal or rest periods. Compl. ¶¶ 103, 119. Furthermore, Plaintiff alleges that Defendants' "business model was such that Non-

Exempt Employees were assigned too much work that could not reasonably completed in their assigned shift work, and/or role" and that Defendants pressured Plaintiff and the class members to complete their tasks within "rigorous time frames," and "discouraging" and "impeding" Plaintiff and the class members from taking meal and periods. *Id.* ¶¶ 105, 107, 108. Defendants "valued productivity over providing meal periods, and because of this, meal periods were not priorities to [Defendants]," and Defendants "had no policy that advised Plaintiff and those similarly situated of their right to take a second meal period." *Id.* ¶ 111, 114, 123-125. As a result, Plaintiff and the class members were "routinely and regularly being forced to eat their meals while driving and/or working their routes," and "felt that breaking to exercise their rights to take meal periods would sacrifice their jobs." *Id.* ¶ 105, 111.

The requirement in *Landers* that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods. *See, e.g.*, *Byrd*, 2016 WL 756523, at *3; *Sanchez*, 2015 WL 5009659, at *2-3; *Raphael*, 2015 WL 4127905, at *3; *Freeman*, 2015 WL 5179511, at *5. Courts applying *Landers* to meal period violation allegations read *Landers* as requiring that a plaintiff plead at least one specific instance where he or she personally experienced a missed meal or rest period. *See, e.g.*, *Byrd*, 2016 WL 756523, at *3 (dismissing the plaintiff's meal and rest period claim because he failed to identify a specific instance in which he was denied a meal period or rest break); *Sanchez*, 2015 WL 5009659, at *3 (dismissing the plaintiff's meal period claim because "without factual allegations about [the plaintiff's] specific experiences, the claims against Defendants are merely 'conceivable,' not 'plausible.'")

Again, Plaintiff fails to allege "at least one meal or rest break where he worked through the break and was not paid for that time," nor does he "allege a given instance where Defendant failed to provide him a meal or rest break in compliance with state law." *Freeman*, 2015 WL 5179511, at *5. Therefore, the Court also dismisses Plaintiff's third and fourth causes of action with leave to amend.

//

//

9

D. <u>Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions</u>

Plaintiff's fifth cause of action alleges that Defendants knowingly and intentionally failed to comply with CLC § 226(a) and IWC Wage Order 9 § 7, which requires employers to furnish each employee with an accurate itemized statement in writing showing, *inter alia*, the gross wages earned, and total hours worked by the employee. Compl. ¶ 134. Plaintiff further alleges that Defendants knowingly and intentionally failed to maintain and preserve accurate time records, and the daily hours worked by and the wages paid to employees, in violation of CLC §§ 1174 and 1175 (Compl. ¶ 135), and that Defendants failed to maintain accurate time records showing when the employee begins and ends each work period, the total daily hours worked, total wages, bonuses and/or incentives earned, and all deductions made, in violation of section 7 of the applicable Wage Order (Compl. ¶ 136). As a result, Plaintiff claims the he and the class members "have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to [CLC § 226]." *Id.* ¶ 137.

Under CLC § 226(e)(1), an employee whose rights under CLC § 226(a) were violated may recover damages as follows:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4000), and is entitled to an award of costs and reasonable attorneys' fees.

Cal Lab. Code § 226(e)(1). "Thus, a claim for damages under [CLC § 226(e)] requires a showing of three elements: (1) a violation of [CLC] § 226(a); (2) that is 'knowing and intentional'; and (3) a resulting injury." *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014) (internal citations omitted). "The mere fact that the information was missing from the wage statement is not a cognizable injury [under CLC § 226(e)]." *Johnson v. Serenity Transp., Inc.*, 141 F. Supp. 3d 974, 1004 (N.D. Cal. 2015). Rather, "the types of injuries on which a [CLC § 226] claim may be premised include 'the possibility of not being paid overtime, employee confusion over whether they

10

1  received all wages owed them, difficulty and expense involved in reconstructing pay records, and
2  forcing employees to make mathematical computation to analyze whether the wages paid in fact
3  compensated them for all hours worked." *Ortega v. J.B. Hunt Trans., Inc.*, 258 F.R.D. 361, 374
4  (C.D. Cal. 2009) (internal citations omitted).

5        The Court agrees with Defendant that the complaint fails to plead adequately both a
6  knowing and intentional violation of CLC § 226(a) and the requisite injury. As is the case with the
7  allegations analyzed above, the facts pled in support of this claim are conclusory, lack specificity,
8  merely "parrot[] the language of the statute, " and therefore "fall[] short of providing *any* factual
9  content that allows the Court to draw the reasonable inference that Defendants are liable for the
10 misconduct alleged." *See Ramirez v. Manpower, Inc.*, No. 13-cv-2880-EJD, 2014 WL 116531, at
11 *5 (N.D. Cal. Jan. 10, 2014) (emphasis in original).[6] Specifically, with regard to the injury, the
12 Court finds that Plaintiff's allegations are vaguer than those presented in the cases he cites in
13 support of his position. Plaintiff merely alleges that he and the class members were "damaged" as a
14 result of Defendants' alleged failure to comply with CLC § 226(a).

15       For instance, in *Yuckming Chiu v. Citrix Systems, Inc.*, No. SA CV 11-1121 DOC (RNBx),
16 2011 WL 6018278, at *5-6 (C.D. Cal. Nov. 23, 2011), the plaintiffs specifically alleged that they
17 were damaged because Defendants' conduct "hindered [them] from determining the amount of
18 overtime wages owed to them and has caused them to not receive full compensation," and because
19 "they can only reconstruct a reasonable estimate of the hour worked, and are therefore, not
20 receiving full compensation." Similarly, in *Wert v. US Bancorp*, No. 13-cv-3130-BAS (BLM),
21 2014 WL 2860287, at *4-5 (S.D. Cal. June 23, 2014), the plaintiff alleged that Defendants' conduct
22 "ma[de] it impossible to tell whether [she was] properly compensated for all pay rates earned at the
23 proper rates." Although Plaintiff attempts to make additional factual allegations in his opposition
24 brief, the Court cannot consider factual allegations not made in the complaint. *See Schneider v. Cal.*

---

[6] In doing so, the Court acknowledges its disagreement with *Pena v. Taylor Farms Pacific, Inc.*, No.2:13-cv-1282-KJM-AC, 2014 WL 1665231, at *9 (E.D. Cal. Apr. 23, 2014), in which another court in this district found that similarly vague allegations nevertheless stated a claim sufficient to survive dismissal. However, in allowing these allegations to proceed, the *Pena* court relied on *Yuckming Chiu v. Citrix Systems*, No. SA CV 11-1121 DOC (RNBx), 2011 WL 6018278, at *5-6 (C.D. Cal. Nov. 23, 2011), and *Reinhardt v. Gemini Motor Transport*, 879 F. Supp. 2d. 1138, 1141-42 (E.D. Cal. 2012), both of which denied motions to dismiss because the allegations in the complaints were more specific than the allegations Plaintiff in this case has set forth.

11

*Dept. of Corrs.*, 151 F.3d 1194, 1198 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss") (emphasis in original).

Furthermore, the Court finds that Plaintiff has failed to state a claim under CLC §§ 1174 and 1175. Although courts have recognized that a plaintiff may seek to enforce civil penalties for violations of CLC § 1174 through the Private Attorney Generals Act ("PAGA"), *see, e.g.*, *Ramirez*, 2014 WL 116531, at *5, the complaint in this case makes no reference to PAGA.

Finally, because it has determined that the allegations in the complaint are deficient for the reasons above, the Court declines to address the parties' arguments regarding CLC § 226.7 payments at this time. Plaintiff's fifth cause of action is hereby dismissed with leave to amend.

### E. Failure to Pay All Wages Due at The Time of Termination of Employment

Next, Plaintiff alleges that Defendants failed to pay all timely wages owed at the time of termination to employees who either were fired or quit. Compl. ¶ 142. Plaintiff himself terminated employment with Defendant, and alleges that Defendants "did not timely pay him straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination." *Id.* ¶ 140, 142. Plaintiff further alleges that the failure of Defendants to pay these wages was "willful" in that Defendants "knew the wages to be due, but failed to pay them," and that as a result, Plaintiff and class members are entitled to thirty (30) days' worth of wages as a penalty. *Id.*¶ 146-47.

The Court agrees with Defendant that these allegations fail to satisfy the pleading requirements of Rule 8. Importantly, Plaintiff has not alleged when his employment with Defendant ended, nor has he alleged exactly what wages were earned and unpaid. *Cf. Tukay v. United Continental Holdings, Inc.*, No. 14-cv-04343-JST, 2014 WL 7275310, at *6 (N.D. Cal. Dec. 22, 2014) (denying the defendants' 12(b)(6) motion where the plaintiff alleged that the defendants violated CLC §§ 201 and 203 by failing to "pay immediately plaintiff for his wages, for his medical treatment and for his vacation and sick leave from December 3, 2012 to March 31, 2013 … when plaintiff received his final separation letter from defendant"); *Bernstein v. Vocus, Inc.*, No. 14-cv-0561-THE, 2014 WL 3673307, at *5 (N.D. Cal. July 23, 2014) (denying the defendants' 12(b)(6)

motion where the plaintiff alleged that his employment ended on September 30, 2013, and that defendants failed to pay him his salary, bonus, and stock).

As to the parties' arguments as to whether "premium wages," which are awarded as a remedy for failure to provide meal and/or rest breaks under CLC § 226.7(b), may be included as "wages" under CLC § 203, the Court notes that in *Bellinghausen v. Tractor Supply Company*, No: C-13-02377 JSC, 2014 WL 465907, at *6-9 (N.D. Cal. Feb 3, 2014), a court in the Northern District discussed in detail the somewhat inconsistent treatment of this issue by both state and federal courts before concluding that the case law was "uncertain" and finding that the plaintiff's CLC § 203 claims, to the extent they relied on premium wages owed under § 226.7, did not fail as a matter of law. As observed in *Bellinghausen*, several courts have "summarily" concluded that the holding in *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094 (2007), mandates the finding that a CLC § 203 claim may be premised upon CLC § 226.7 premium wages. *See, e.g.*, *Avilez v. Pinkerton Gov't Servs,*, 286 F.R.D. 450, 464065 (C.D. Cal. 2012); *Abad v. Gen. Nutrition Centers, Inc.*, 2013 No. SACV 09-00190-JVS (RNBx), 2013 WL 4038617, at *3-4 (C.D. Cal. Mar. 7, 2013).

However, this Court is more persuaded by the analysis set forth in *Jones v. Spherion Staffing LLC*, No. LA CV11-06462 JAK (JCx), 2012 WL 3264081, at *8-9 (C.D. Cal. Aug 7, 2012). In *Jones*, the court found that the plaintiff could not advance a CLC § 203 claim for failure to pay wages due upon termination based solely on alleged violations of CLC § 226.7, because 1) under *Kirby v. Immos Fire Protection, Inc.*, 53 Cal. 4th 1244 (2012), "the legal violation underlying a [CLC § 226.7] claim is the non-provision of meal and rest periods and the corresponding failure to 'ensur[e] the health and welfare of employees,' not the nonpayment of wages; 2) "a finding that [CLC § 226.7] wages can form the basis for claims under … [CLC § 203]" could potentially result in an improper, multiple recovery by the employee; and 3) the later decision in *Kirby* demonstrates that the holding in *Murphy* was limited to the specific issue of determining what statute of limitations applies to CLC § 226.7 claims. *See id.*

For these reasons, the Court dismisses Plaintiff's sixth cause of action with leave to amend.
//

13

### F. Violation of Unfair Competition Law

Finally, Plaintiff alleges that Defendants' failure to pay all straight time and overtime wages earned, failure to provide complaint meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, and failure to pay all wages due at the time of termination constitute unlawful activity proscribed the UCL, and that he "is entitled to an injunction and other equitable relief against such unlawful practices. Compl. ¶¶ 150-152. "As a result of their unlawful acts, [Defendants] have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to represent." *Id.* ¶ 154.

Defendant argues that because Plaintiff's UCL claim is premised upon his legally deficient claims for relief, his UCL claim therefore also fails as a matter of law and must be dismissed. ECF No. 4 at 35-37. The Court agrees. It is clear from Plaintiff's complaint that his UCL claim depends upon the other allegations he has set forth. *See* Compl. ¶ 150. The Court has determined that all of Plaintiff's allegations fail under Rule 8. "Where Plaintiff cannot state a claim under the borrowed law, [h]e cannot state a UCL claim either." *Ramirez*, 2014 WL 116531, at *7; *see also Byrd*, 2016 WL 756523, at *4 ("Plaintiff's unfair competition … claims are premised on his California Labor Code claims, and for that reason, are also insufficient."). Therefore, the Court dismisses Plaintiff's seventh cause of action with leave to amend.

## III. Requested Relief

Plaintiff's prayers for relief include claims for injunctive relief, attorney's fees, and recovery of premium wages pursuant to CLC § 226. Compl. ¶ 158. Defendant moves to strike or dismiss these claims for relief. ECF No. 4 at 37-38.

The Court has determined, *supra*, that the complaint does not adequately plead any cognizable claims. Therefore, the Court need not address the parties' arguments regarding Plaintiff's requested relief at this time and DENIES AS MOOT Defendant's motion to strike and/or dismiss Plaintiff's prayers for relief.

//
//
//

**CONCLUSION AND ORDERS**

For these reasons, Defendant's motion to dismiss and/or strike is GRANTED IN PART AND DENIED IN PART. Plaintiff shall have twenty days from electronic service of this Order to file an amended complaint.

The parties are further advised that pursuant to E.D. Cal. L.R. 133(f), if a filing (including attachments and exhibits) exceeds 50 pages, the parties are REQUIRED to provide a paper courtesy copy to chambers by delivering it to the Clerk of Court. In reviewing the original complaint, there appears to be no reason an amended complaint, if filed, should be anywhere near that page limit. Redundancy in a complaint is a party's obligation to avoid. Saying something well does not usually mean saying it in a lengthy manner. Failure to file an amended complaint within the time frame provided will result in a dismissal and closure of the case. In addition, the Defendant's motion itself was lengthy beyond need. If a subsequent motion is to be filed, counsel is to consider spending more time to shorten the motion.

IT IS SO ORDERED.

Dated:   **November 2, 2016**          /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE