# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GUERRERO, *on behalf of himself, all others similarly situated, and on behalf of the general public* <br><br> Plaintiffs, <br><br> v. <br><br> HALLIBURTON ENERGY SERVICES, INC.; and DOES 1-100, <br><br> Defendants. | Case No. 1:16-CV-1300-LJO-JLT <br><br><br> MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE <br><br> (ECF No. 13) |

This is a putative class action lawsuit brought by Plaintiff Luis Guerrero, who was formerly employed by Defendant Halliburton Energy Services, Inc. as a "a non-exempt truck worker, industrial worker, industrial truck driver, industrial vehicle driver, industrial worker and/or any similar job designation," on behalf of himself and similarly situated individuals, against Defendant and Does 1-100, inclusive (collectively, "Defendants"). ECF No. 1-1 ("Complaint"). Plaintiff alleges that Defendants violated provisions of the California Labor Code ("CLC"), Business and Professions Code ("CBPC"), and several of the Industrial Welfare Commission's Wage Orders for at least four years prior to the 2016 filing of this action and continuing to the present. *Id.*

Defendant first moved to dismiss and/or strike the Complaint on September 9, 2016. ECF No. 4. The Court granted in part and denied in part Defendant's motion, and granted Plaintiff leave to amend. ECF No. 10.

Plaintiff filed his First Amended Complaint ("FAC") on November 22, 2016, setting forth the following causes of action: (1) failure to pay wages owed for all hours worked in violation of CLC § 1197.1, items 1 and 4(b) of Industrial Wage Commission Wage Order ("Wage Order") 9-2001 (codified at 8 C.C.R. § 11090) and the California Supreme Court's decision in *Morillion v. Royal Packing Co.* (2000), 22 Cal. 4th 575; (2) failure to pay overtime wages when employees worked over eight hours per day or forty hours per week, in violation of item 3(A) of Wage Order 9-2001; (3) failure to provide meal periods or compensation in lieu thereof, in violation of CLC §§ 226.7 & 512; (4) failure to authorize and permit rest periods, in violation of CLC § 226.7, Wage Order Nos. 9-1998, 9-2000, 9-2001(12); (5) failure to pay all wages due at the time of termination from employment, in violation of CLC §§ 201-203; and (6) "violation of unfair competition law," in violation of CBPC § 17200, *et seq.,* commonly known as California's Unfair Competition Law ("UCL"). ECF No. 12 ¶¶ 85-172.

Defendant now moves to dismiss Plaintiff's second, third, fourth, and sixth causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)[1], and to strike some of the prayers for relief in the FAC pursuant to Rule 12(f).[2] ECF No. 13. Plaintiff filed his opposition (ECF No. 15) and Defendant replied (ECF No. 17). This matter is appropriate for resolution without oral argument. *See* E.D. Cal. L.R. 230(g).

Having reviewed the record and the parties' briefing in light of the relevant law, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

//

//

---

[1] All further references to any "Rule" are to the Federal Rules of Civil Procedure.

[2] Defendant has additionally moved to strike Plaintiff's allegations regarding Defendant's failure to provide accurate itemized wages statements in violation of CLC § 226 and the Wage Order. ECF No. 13 at 25-26. In response, Plaintiff notes that the inclusion of these allegations was a drafting mistake and requests leave to amend. ECF No. 15 at 19-20. Because the Court will grant Plaintiff one last opportunity to amend, Plaintiff's request is granted and Defendant's motion to strike is denied without prejudice.

**LEGAL STANDARD**

**I.     Rule 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should

3

be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

Finally, in ruling on a Rule 12(b)(6) motion, "[a] court may take judicial notice of [undisputed] matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). Moreover, the court is permitted to consider matters that are proper subjects of judicial notice under Rule 201 of the Federal Rules of Evidence: facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Lee*, 250 F.3d at 668.

**II.     Rule 12(f)**

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc*., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted).

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Alco Pacific*, 217 F. Supp. 2d at 1033. "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.* (internal quotation marks and citations omitted). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Id.* (citing *Fogerty*, 984 F.2d at 1528).

**DISCUSSION**

**I.   Request for Judicial Notice**

Both parties have requested that the Court take judicial notice of several documents, almost all of which are federal court pleadings and orders, and one of which is a copy of an employment offer letter sent by Defendant to Plaintiff. *See* ECF No. 13 at 11[3]; ECF No.16; ECF No. 18 at 7. Because the federal court pleadings and orders are undisputed matters of public record and/or proper subjects of judicial notice under Federal Rule of Evidence 201, and neither party contests the other's submissions, the Court GRANTS the parties' requests as the court pleadings and orders. However, because the employment letter is not a proper subject of judicial notice, the Court DENIES the request as to Defendant's Supplemental Request for Judicial Notice, Exhibit B.

**II.   Sufficiency of Complaint**

    A.   <u>Failure to Pay Overtime Wages</u>

Plaintiff alleges that Defendants failed to pay overtime when he and putative class members ("PCMs") worked over eight hours per day or forty hours per week. Specifically, he alleges that he worked over forty hours and was not paid overtime during the following weeks: June 3, 2013; June 10, 2013; June 17, 2013; June 24, 2013; and January 27, 2014, and that he worked over eight hours on November 18, 2013. FAC ¶ 99-101. Plaintiff and PCMs worked overtime because Defendants "assigned too much work which could not be completed within an 8 hour shift" and because it was

---

[3] Pincites refer to CM/ECF pagination located at the top of each page.

"part of the job." *Id.* ¶ 102. Furthermore, Plaintiff alleges that Defendants employed a computer program to edit the actual hours reported by Plaintiff and PCMs that deducted hours that Plaintiff and PCMs actually worked. *Id.* ¶ 104.

Defendant seeks dismissal of this claim on the grounds that the Wage Order exempts Plaintiff and PCMs from California's overtime laws because Plaintiff's and PCMs' hours are regulated by the federal Department of Transportation ("DOT"). ECF No. 13 at 17. Defendant argues that because the FAC alleges that Defendant owns and operates trucks, employs truck drivers, and that Plaintiff was employed by Defendant as an hourly truck worker or driver, that Plaintiff's hours of service are therefore governed by the DOT's regulations and are exempt from California's overtime laws. *Id.*

Plaintiff contends that his overtime claim is proper because the assertion of an exemption from California overtime laws is an affirmative defense that Defendant bears the burden of demonstrating. ECF No. 15 at 10-11. Specifically, he notes that Defendant has failed to make the requisite showing that the DOT exemption applies to Plaintiff. *Id.*

The Court agrees with Plaintiff on this issue. While it is true that there are exemptions from California's overtime laws, *see* CLC § 515(a), the "[a]pplication of the exemption is 'limited to those employees plainly and unmistakably within their terms.'" *Korte v. Dollar Tree Stores, Inc.*, No. CIV. S-12-541 LKK/EFB, 2013 WL 2604472, at *5 (E.D. Cal. June 11, 2013) (citing *Nordquist v. McGraw-Hill Broad. Co.*, 32 Cal. App. 4th 555 (1995)). Whether an exemption applies or not can be a fact-intensive inquiry. *See, e.g.*, *Villalpando v. Exel Direct Inc.*, Case No. 12-cv-04137-JCS, 2015 WL 5179486, at *29-33 (N.D. Cal. Sept. 3, 2015). Contrary to Defendant's assertion that Plaintiff did not dispute that the DOT exemption applies to him, the FAC specifically alleges that Plaintiff was employed by Defendant as a "non-exempt [4] truck worker, industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker and/or any other similar job designation." FAC ¶ 27. At this stage of proceedings, Plaintiff's allegation that he is not

---

[4] For this reason, Plaintiff's case is distinguishable from the cases cited by Defendant. In *Brown v. Wal-Mart Stores*, No. C. 08-5221 SI, 2013 WL 1701581 at *7 (N.D. Cal. Apr. 18, 2013), the court granted the defendant's motion to dismiss because the plaintiffs acknowledged that they were exempted from overtime laws either by the DOT or a California regulation, yet still alleged violations on behalf of some plaintiffs and class members "who are not exempt" by these laws. Similarly, in *Collins v. Overnite Transp. Co.*, 105 Cal. App. 4th. 171, 180 (2003), the employees did not contest that they were subject to the DOT exemption.

covered by the DOT exemption is sufficient to survive Defendant's motion to dismiss, which the Court DENIES as to this claim.

B. <u>Failure to Provide Meal and Rest Periods</u>

Plaintiff's third and fourth causes of action pertain to Defendants' alleged failure to provide the meal and rest periods required by CLC §§ 226.7, 512(a) and IWC Wage Order 9-2001 § 3. Plaintiff alleges that Defendants failed to provide the requisite 30-minute uninterrupted meal periods to non-exempt employees who worked for work periods of more than 5 consecutive hours, and 10-minute rest periods for 4-hour work periods, and that Plaintiff and the other class members were required to work continuously without being provided either the meal or rest periods. FAC ¶¶ 114, 130. In the alternative, Plaintiff alleges that Defendants' "business model was such that Non-Exempt Employees were assigned too much work that could not reasonably completed in their assigned shift work, and/or role" and resulted in Plaintiff and PCMs were routinely forced to work through their rest periods for fear of losing their jobs. *Id.* ¶¶ 116, 117, 132, 135, 138. Defendants "valued productivity over providing meal periods, and because of this, meal periods were not priorities to [Defendants]," and Defendants "had no policy that advised Plaintiff and those similarly situated of their right to take a second meal period." *Id.* ¶¶ 111, 114, 123-125. Furthermore, Plaintiff alleges that Defendant did not provide a schedule or designate times when meal or rest periods were to be taken. *Id.* ¶¶ 112, 134. As a result, Plaintiff and the class members were "routinely and regularly being forced to eat their meals while driving and/or working their routes," and "felt that breaking to exercise their rights to take meal periods would sacrifice their jobs." *Id.* ¶¶ 105, 111. Plaintiff alleges that he did not receive the requisite meal and rest periods on or about July 28, 2013, November 2, 2013, November 11, 2013, and November 13, 2013.[5] *Id.* ¶¶ 111, 137.

In *Brinker Restaurant Corp. v. Superior Court*, the California Supreme Court provided the following guidance as to an employer's obligations under CLC § 512 and the Wage Order to provide meal breaks:

---

[5] In its Reply, Defendant points to an employment offer letter from Defendant to Plaintiff, dated March 19, 2014, indicating that Plaintiff's anticipated start date as an Operator Assistant was May 5, 2014, and argues that the dates on which Plaintiff has alleged he was denied meal and rest breaks pre-date his employment start date. ECF No. 18 at 2; ECF No. 18, Ex. 2. The Court declined to take judicial notice of this document and therefore will not consider it in deciding this motion.

> Proof an employer had knowledge of employees working through meal periods will not alone subject the employer to liability for premium pay; employees cannot manipulate the flexibility granted them by employers to use their breaks as they see fit to generate such liability. On the other hand, an employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks … The wage orders and governing statute do not countenance an employer's exerting coercion against the taking of, creating incentives to forgo, or otherwise encouraging the skipping of legally protected breaks.
>
> To summarize: An employer's duty with respect to meal breaks under both section 512, subdivision (a) and Wage Order No. 5[6] is an obligation to provide a meal period to its employees. **The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so.** What will suffice may vary from industry to industry, and we cannot in the context of this class certification proceeding delineate the full range of approaches that in each instance might be sufficient to satisfy the law.
>
> On the other hand, the employer is not obligated to police meal breaks and ensure no work thereafter is performed. Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability for premium pay under Wage Order No. 5, subdivision 11(B) and Labor Code section 226.7, subdivision (b).

53 Cal. 4th 1004, 1040-41 (2012) (emphasis added).

Defendant seeks dismissal of Plaintiff's meal and rest period claims on account of these claims lacking the necessary factual support, specifically noting that Plaintiff's subjective perceptions of being "pressured" are insufficient to make plausible the allegations that Defendant prevented Plaintiff and PCMs from taking meal and rest breaks, as contemplated by *Brinker*. ECF No. 13 at 18, 23 (citing *Brown v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2013 WL 1701581, at *5 (N.D. Cal. Apr. 18, 2013); *Gonzalez v. Fallanghina*, No. 16-cv-01832-MEJ, 2016 WL 3951655, at *6 (N.D. Cal. July 22, 2016); *Driscoll v. Granite Rock Company*, 6 Cal. App. 5th 215 (2016)); ECF No. 18 at 10. Defendant notes that Plaintiff has not alleged that anyone employed by Defendant told Plaintiff or PCMs that their "failure to complete a route within the assigned time frame could result in them risking the loss of their jobs, nor does he allege that he and PCMs were prevented from working longer hours to complete their routes or that any adverse consequences

---

[6] The Wage Order in *Brinker* is substantially similar to the Wage Order at issue in this case.

1 would actually flow from them working longer hours or otherwise failing to complete their routes
2 within certain time frames." *Id.* at 21-22. Defendant additionally argues that the allegation that
3 Defendant did not have a policy advising Plaintiff and PCMs of their right to a second meal period
4 is insufficient as a matter of law and that the FAC does not identify even one specific day that he
5 was denied a second meal break. *Id.* at 22.

6 Plaintiff counters that the FAC provides adequate factual support that he personally
7 experienced missed meal periods and that the FAC's allegations that "Defendant's policies and
8 practices do not provide legally complaint meal periods (whether it be the first or second period)
9 are sufficient by themselves to state a cause of action." ECF No. 15 at 14. (citing *Ambriz v. Coca-*
10 *Cola Company*, No. 13-cv-03539, 2013 WL 5947101, at *3 (N.D. Cal. Nov. 5, 2013) and
11 *Davenport v. Wendy's Co.*, No. 2: 14-cv-00931, 2014 WL 3735611, at *6 (E.D. Cal. July 28,
12 2014)). Additionally, he argues that he is not obligated to allege more specific facts regarding
13 Defendant's policy or his work schedule. *Id.*

14 Both parties have cited cases decided after *Brinker* that support their positions. On
15 Plaintiff's side are the decisions in *Ambriz* and *Davenport*, and on Defendant's side are the
16 decisions in *Brown* and *Gonzalez*. Upon close examination of these cases, the Court agrees with
17 Defendant that the FAC fails to provide sufficient factual support that permits the inference that
18 Defendants are liable for failure to provide meal and rest breaks to Plaintiff and PCMs. First, the
19 Court notes that *Davenport* is factually distinguishable from this case, in that the plaintiff provided
20 much more factual support than Plaintiff in this case for his pressure-based allegations. *See*
21 *Davenport*, 2014 WL 3735611, at *6 (finding allegations that "extreme pressure" was placed on
22 employees to meet employer's "corporately mandated speed of service standards" and that "failure
23 to meet these standards 'frequently resulted in salaried General Managers receiving poor
24 performance reviews, being unable to make bonuses, being demoted, reprimanded, or even
25 terminated'" were sufficient to survive a 12(b)(6) motion.). Second, in *Brown* and *Gonzalez*, which
26 are the most factually analogous to this case, the courts granted the Rule 12(b)(6) motions. *Brown*,
27 2013 WL 1701581, at *5 (finding insufficient the plaintiff's allegations that the defendant
28 "pressured, incentivized, and discouraged" the plaintiffs from taking lunch because they did not

9

provide *any* facts surrounding these alleged tactics); *Gonzalez*, 2016 WL 3951655, at *6 (allegations that the plaintiff was denied meal and rest breaks were insufficient because he failed to allege "facts and circumstances that support the elements of his claims, rather than simply reciting legal conclusions" and therefore failed to permit the court to make a reasonable inference that the defendants were liable). For this reason, the Court declines to follow the reasoning in *Ambriz*. See *Ambriz*, 2013 WL 5947010 at *3-4 ("Plaintiff here is not required to allege anything more than what he has already alleged: that he was entitled to meal breaks, and that meal breaks were not provided…The Court finds that Plaintiff is not required to allege the non-existence of something, such as meal breaks, with any greater specificity than he has done here, because 'there is no more factual content Plaintiff *could* have alleged") (emphasis in original). While Plaintiff has alleged at least four instances where he was allegedly denied meal and rest periods, his mere allegations that he felt "pressured" by Defendants assigning "too much work," are "'merely consistent with' [Defendant]'s liability … [and] stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 557). Accordingly, the Court finds that Plaintiff's allegations are too vague and conclusory for the Court to infer that Defendants may be held liable for failing to meet their obligations under California law as set forth in *Brinker*, 53 Cal. 4th at 1040-41. Plaintiff's third and fourth claims are DISMISSED with leave to amend.

C. <u>Violation of Unfair Competition Law</u>

Plaintiff alleges that Defendants' failure to pay all straight time and overtime wages earned, failure to provide complaint meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, and failure to pay all wages due at the time of termination constitute unlawful activity proscribed the UCL, and that he "is entitled to an injunction and other equitable relief against such unlawful practices." FAC ¶¶ 161-162. "As a result of their unlawful acts, [Defendants] have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to represent." *Id.* ¶ 167. Plaintiff therefore seeks "equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and [PCMs]as a result of the business acts and

practices described herein and enjoining [Defendants] from engaging in the practices described herein" and have requested that the Court "issue a preliminary and permanent injunction prohibiting [Defendants] from continuing to not pay Plaintiff and [PCMs] as discussed herein." *Id.* ¶ 169.

"The unfair competition law prohibits 'any unlawful, unfair or fraudulent act or practice.' (Bus. Prof. Code § 17200) … In a private unfair competition law action, the remedies are 'generally limited to injunctive relief and restitution … Not recoverable are damages, including punitive damages and increased or enhanced damages.'" *Clark v. Superior Ct.*, 50 Cal. 3th 605, 610 (2010). Restitution under the UCL would "compel[] a UCL defendant to return money obtained through an unfair business practice to those persons in interest for whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal 4th 1134, 1144 (2003). The key issue then is whether the payments Plaintiff seeks through his UCL claim constitute damages—which are not recoverable, or restitution—which is recoverable.

Defendant seeks dismissal of Plaintiff's unfair competition law claim, arguing that it fails as a matter of law because CLC § 226.7 payments for meal and rest break violations and CLC §§ 203 and 226 penalties are not subject to restitution under the UCL.[7] ECF No. 13 at 23. Plaintiff opposes, arguing that "the overwhelming majority of federal courts" have found that premium pay for missed meal periods and wages can both be recovered as restitution under the UCL. ECF No. 15 at 18-19. The parties' dispute ultimately concerns differing interpretations of the California Supreme Court's decisions in *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal 4th 1074, 1102 (2002), and *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1257 (2012), and the different ways that these cases have been interpreted by district courts. As with the meal and rest period claims, both parties have cited district court cases that support their respective positions.

Plaintiff correctly notes that several California district courts have found that payments due under CLC § 226.7 are recoverable as restitution under the UCL. ECF No. 15 at 19 (citing

---

[7] Defendant does not seek dismissal of this claim insofar as Plaintiff seeks payment pursuant to CLC § 203 for wages that were due upon termination, otherwise known as "waiting time penalties."

11

*Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 891, 896 (C.D. Cal. 2005); *Brandon v. Nat'l R.R. Passenger Corp. Amtrak*, No. CV 12-5796 PSG (VBKx), 2013 WL 800265, at *4 (C.D. Cal. Mar. 1, 2013); *Doe v. D.M. Camp & Sons*, No. CIV-F-05-1417 AWI SMS, 2009 WL 921442, at *13 (E.D. Cal. Mar. 31, 2009); *Delgado v. Deanda*, No. C-10-02799 HRL, 2011 WL 7946405, at *3 (N.D. Cal. Nov. 23, 2011); *Ordonez v. Radio Shack*, No. CV 10-7060 CAS (MANx), 2011 WL 499279, at *6 (C.D. Cal. Feb. 7, 2011); *Corm v. United Parcel Service, Inc.*, No. C03-2001 TEH, 2005 WL 588431, at *5 (N.D. Cal. Mar. 14, 2005)). However, all but one of these cases were decided before the California Supreme Court issued its decision in *Kirby*, which explicitly held that the legal violation underlying a CLC § 226.7 claim is the non-provision of meal and rest periods and the corresponding failure to ensure the health and welfare of employees, not the nonpayment of wages. *See* 53 Cal. 4th at 1256-57. *Kirby* therefore strongly undermines Plaintiff's position and supports that of Defendant, who has cited a 2016 decision from a court in the Northern District of California, relying on *Kirby*, that found "wages do not constitute restitution for the purposes of the UCL." *See Parson v. Golden State FC, LLC* No. 16-cv-00405, 2016 WL 1734010, at *6 (N.D. Cal. May 2, 2016). This Court likewise finds that CLC § 226.7 wages do not constitute restitution recoverable under UCL and therefore GRANTS Defendant's motion to dismiss Plaintiff's UCL claim insofar as the claim pertains to CLC § 226.7 wages for meal and rest period violations.

Furthermore, because Plaintiffs do not oppose Defendant's motion to dismiss their claim insofar as it seeks CLC §§ 203 and 226 penalties for inaccurate wage statements, the Court likewise GRANTS the motion to dismiss in this regard. *See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1402 (2010) ("We thus hold section 203 penalties cannot be recovered as restitution under the UCL."); *Campbell v. PricewaterhouseCoopers*, Nos. CIV. S-06-2376 LKK/GGH, S-08-965 LKK/GGH, S-08-997 LKK/EFB, 2008 WL 3836972, at *6 (E.D. Cal. Aug 14, 2008) (penalties under CLC §§ 203 and 226 "are not recoverable under the UCL").

Therefore, the Court DISMISSES Plaintiff's UCL claim insofar as it pertains to wages and penalties under CLC §§ 203, 226, and 226.7 for failure to state a claim upon which relief can be granted. Because this relief is not available as a matter of law, dismissal shall be WITHOUT LEAVE TO AMEND.

//

### III. Requested Relief

Plaintiff's prayer for relief includes, *inter alia*, claims for injunctive relief under the UCL and attorney's fees. FAC ¶ 172. Defendant moves to strike or dismiss these claims for relief. ECF No. 13 at 26-27.

#### A. Injunctive Relief

Defendant moves to dismiss or strike Plaintiff's request for injunctive relief because Plaintiff, as a former employee of Defendant, lacks standing to seek this form of relief. *Id.* at 26. Plaintiff opposes on the ground that he filed this action "so that he could represent the interests of similarly situated individuals who have been harmed by Defendant's unfair business practices." ECF No. 15 at 20.

The parties have again presented conflicting authorities in support of their respective positions. Defendant first cites to *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011), in which the Ninth Circuit considered whether certain named plaintiffs could fairly and adequately protect the interests of a class. In *Ellis,* the Ninth Circuit found that "Plaintiffs not employed by Costco throughout this case do not have standing to seek injunctive relief," and therefore held that two plaintiffs who were former employees, "would not share an interest with class members whose primary goal is to obtain injunctive relief," and that these two plaintiffs therefore "will not adequately protect the interests of the class as a whole." *Id.* at 986. Defendant also directs the Court to *Delodder v. Aerotek, Inc.*, in which a court in the Central District found that plaintiffs lacked standing to seek prospective relief under the UCL because as former employees, "they [could] not demonstrate a 'real or immediate threat of irreparable injury' by defendant's employment practices," and found it appropriate to strike from the complaint all language requesting injunctive relief. No CV 08-6044, 2009 WL 3770670, at *3 (C.D. Cal. Nov. 9, 2009).

Plaintiff cites to *Rosenberg v. Renal Advantage, Inc.*, No. 11-cv-2152-GPC-KSC, 2013 WL 3205426, at *9-10 (S.D. Cal. June 24, 2013). In *Rosenberg*, a court in the Southern District of California found that a plaintiff formerly employed by the defendant was permitted to bring a claim for equitable relief under the UCL on account of the defendant's alleged wrongful denial of

overtime wages. *Id.* The *Rosenberg* court relied on *Cortez v. Purolator Air Filtration Products Co.*, 999 P.2d 706 (2000), in which the California Supreme Court held that the plaintiff was permitted to seek injunctive relief against her former employer on the basis that withheld overtime wages are recoverable as restitution in a UCL action and CPBC § 17203's "broad grant of equitable power" to the trial court in fashioning a remedy. *Id.*

Under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's prayer for injunctive relief is none of these. Moreover, the Ninth Circuit has held that "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis that it is precluded as a matter of law." *Whittlestone, Inc.*, 618 F.3d at 976. The Court therefore declines to strike Plaintiff's request for injunctive relief.

Nevertheless, the Court agrees with Defendant that Plaintiff lacks standing to pursue injunctive relief under the UCL. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 335, 364 (2011) (acknowledging that those plaintiffs no longer employed by the defendant "lack standing to seek injunctive or declaratory relief against its employment practices."). The Court finds that *Rosenberg* is distinguishable because the ultimate issue the court resolved was not whether to strike or dismiss the request for injunctive relief, but whether the plaintiff had satisfied the requirements of Rule 23 for class certification. *See* 2013 WL 3205426 at *9-10. Therefore, because Defendant has, in the alternative, challenged the sufficiency of this request under Rule 12(b)(6), the Court finds it appropriate to DISMISS Plaintiff's request for injunctive relief. In an abundance of caution, dismissal shall be with leave to amend.

**B.  Attorney's Fees**

Defendant moves to strike Plaintiff's request for attorney's fees on the grounds that there is no statute or agreement between the parties that authorizes an award of attorney's fees to a party that prevails on a CLC § 226.7 claim. ECF No. 13 at 27. Defendant cites to *Kirby*, which held that "a prevailing party may recover attorney's fees only when a statute or an agreement of the parties provides for fee shifting," and "neither [CLC § 1194] nor [CLC § 218.5] authorizes an award of attorney's fees to a party that prevails on a [CLC § 226.7] claim." 53 Cal 4th at 1248.

14

Plaintiff opposes on the grounds that he is seeking restitution not only for himself, but also on behalf of all drivers in California, and therefore, the California Code of Civil Procedure ("CCP") § 1021.5 permits him to seek attorney's fees. ECF No. 15 at 21-22. In support, Plaintiff cites *Pena v. Taylor Farms Pacific, Inc.*, in which a court in this district denied a defendant's motion to dismiss on the basis that the plaintiff had satisfied the three basic criteria required to support an award of attorney's fees under CCP § 1021.5. *Id.* (citing 2014 WL 1665231, at *10-11 (E.D. Cal. Apr. 23, 2014)). "Three basic criteria are required to support an award of attorneys' fees under [CCP § 1021.5]: (1) the action resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit was conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement were such as to make the award appropriate." *Abouab v. City and Cty. Of San Francisco*, 141 Cal. App. 4th 643, 663 (2006). Plaintiff asserts that he can satisfy these three criteria, arguing that the risks he has taken in bringing this action "potentially far outweigh the benefits he could obtain for himself if successful," and "the cost award alone if Plaintiff is unsuccessful could far exceed what he is seeking." ECF No. 15 at 21.

Here, the Court agrees with Plaintiff's argument that attorney's fees may be appropriate, and declines to strike Plaintiff's request at this time. Courts considering this very issue in similar cases generally find the attorney's fees may be appropriate under CCP § 1021.5. *See, e.g.*, *Dittmar v. Costco Wholesale Corp.*, No. 14cv1156-LAB (JLB), 2016 WL 3387464, at *2 (S.D. Cal. June 20, 2016); *Rodriguez v. Cleansource, Inc.*, No. 14-cv-0789-L (DHB), 2015 WL 5007815, at *11 (S.D. Cal. Aug. 20, 2015); *Parks v. Eastwood Ins. Servs., Inc.*, No. SA CV-02-507-GLT (MLGx), 2005 WL 6007833, at *2-3 (C.D. Cal. June 28, 2005) *rev'd on other grounds by* 240 Fed. Appx. 172 (9th Cir. 2007). Nevertheless, as Defendant notes, the FAC contains no mention of CCP § 1021.5 as a basis for attorney's fees. ECF No. 18 at 16. Therefore, the Court will dismiss Plaintiff's request for attorney's fees with leave to amend.

//

//

//

15

**CONCLUSION AND ORDERS**

For these reasons, Defendant's motion to dismiss and/or strike (ECF No. 13) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The motion to dismiss is **DENIED** as to Plaintiff's overtime claim;
2. The motion to dismiss is **GRANTED** with leave to amend as to Plaintiff's meal period and rest period claims;
3. The motion to dismiss is **GRANTED** without leave to amend insofar it pertains to Plaintiff's claim for CLC §§ 203, 226, 226.7 wages through the UCL;
4. The motion to dismiss is **GRANTED** with leave to amend as to Plaintiff's request for injunctive relief;
5. The motion to dismiss is **GRANTED** with leave to amend as to Plaintiff's request for attorney's fees
6. The motion to strike Plaintiff's allegations pertaining to CLC § 226 and failure to maintain accurate time records is **DENIED** without prejudice.

Plaintiff shall have twenty days from electronic service of this order to file an amended complaint or give notice that he will stand on the current FAC. Plaintiff is cautioned that this will be the last opportunity to amend and that he should only amend if amendment would not be futile based on the law and findings in this Order.

IT IS SO ORDERED.

Dated:   **February 3, 2017**              /s/ Lawrence J. O'Neill
                                         UNITED STATES CHIEF DISTRICT JUDGE