William Turley, Esq. (SBN 122408)
bturley@turleylawfirm.com
David Mara, Esq. (SBN 230498)
dmara@turleylawfirm.com
Jamie Serb, Esq. (SBN 289601)
jserb@turleylawfirm.com
Katharine McCall, Esq. (SBN 306335)
kmccall@turleylawfirm.com
**THE TURLEY & MARA LAW FIRM, APLC**
7428 Trade Street
San Diego, California 92121
Tel: (619) 234-2833
Fax: (619) 234-4048

Attorneys for LUIS GUERRERO, on behalf of himself,
all others similarly situated, and on behalf of the general public.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GUERRERO on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>HALLIBURTON ENERGY SERVICES, INC.; and DOES 1-100,<br><br>Defendants. | Case No. 1:16-cv-01300-LJO-JLT<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PROTECTIVE MOTION TO STAY ACTION PENDING U.S. SUPREME COURT DECISION OR, ALTERNATIVELY, PENDING APPELLATE REVIEW OF ANY DENIAL OF DEFENDANT'S PENDING MOTION TO COMPEL INDIVIDUAL ARBITRATION (DKT. #29)**<br><br>**Date:** July 12, 2017<br>**Time:** 8:30 a.m.<br>**Ctrm.:** 4<br>Judge: Hon. Lawrence J. O'Neill<br><br>**Filed:** July 18, 2016<br>**Removed:** September 2, 2016<br>**Trial Date:** None Set |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 2

  A.  PROCEDURAL HISTORY ........................................................................ 4

III.  LEGAL STANDARD ......................................................................................... 5

IV.  ARGUMENT ..................................................................................................... 7

  A.  PLAINTIFF AND THE PUTATIVE CLASS WILL SUFFER PREJUDICE IF A STAY IS GRANTED ........................................................ 7

  B.  DEFENDANT HAS NOT SATISFIED ITS BURDEN TO SHOW HARDSHIP OR INEQUITY .................................................................... 8

  C.  THE DURATION OF THE REQUESTED STAY IS IMPROPER ........... 8

  D.  DEFENDANT'S REQUEST FOR A STAY PURSUANT TO THE FEDERAL ARBITRATION ACT IS PREMATURE ............................... 9

V.   CONCLUSION ................................................................................................. 10

**TABLE OF AUTHORITIES**

**CASES**

*Britton v. Co-op Banking Group,* 916 F.2d 1405 (9th Cir. 1990)....................................................9

*Cashon v. Kindred Healthcare Operating, Inc.,* 2016 U.S. Dist. LEXIS 155794 (N.D. Cal. Nov. 9, 2016) ..........................................................................................................................................7

*Clinton v. Jones*, 520 U.S. 681 (1997)..........................................................................................6

*Coppernoll v. Hamcor, Inc.*, 2017 U.S. Dist. LEXIS 6306 (N.D. Cal. Jan. 17, 2017)..................6

*Daugherty v. Solarcity Corp.*, 2017 U.S. Dist. LEXIS 11838 (N.D. Cal. Jan. 26, 2017)...........6, 7

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007) ...........6, 9

*Landis v. North American Co.*, 299 U.S. 248 (1936)....................................................................6, 9

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) ...............................................................8

*Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985) ...........................9

*Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016)................................... 1, 5, 6, 7, 8, 9

*Rivera v. Saul Chevrolet, Inc.*, 2017 U.S. Dist. LEXIS 70960 (N.D. Cal. May 9, 2017)...........6, 7

*Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000) ..............................................................................6

**STATUTES**

9 U.S.C. § 16...................................................................................................................... 1, 2, 9, 10

9 U.S.C. § 2...................................................................................................................................... 1

## I. INTRODUCTION

Defendant Halliburton Energy Services, Inc.'s ("Defendant") Motion to Compel Plaintiff Luis Guerrero ("Plaintiff") to individual arbitration is currently pending before this Court ("MTCA"). Dkt. #29. Without even acknowledging that class action waivers in arbitration agreements are unenforceable in the Ninth Circuit, Defendant argues in its MTCA that the class action waivers in Defendant's arbitration agreements must be upheld and Plaintiff compelled to individual arbitration under the Federal Arbitration Act 9 U.S.C. § 2. *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016); Dkt. #29 at 15:11-20:21. Instead, and only after Plaintiff's Opposition to Defendant's MTCA pointed out that Defendant's arbitration agreements contain unenforceable concerted action waivers within the meaning of *Morris,* Defendant filed its Protective Motion to Stay Action Pending U.S. Supreme Court Decision Or, Alternatively, Pending Appellate Review of Any Denial of Defendant's Pending Motion to Compel Individual Arbitration ("MTS"). Dkt. #31, 38.

Defendant argues that the Court should grant its MTS and stay the proceedings in this action, including its decision on Defendant's MTCA, on the basis that: (1) the resolution of *Morris*, currently on appeal before the United States Supreme Court, will provide the Court guidance in its decision on Defendant's MTCA. Alternatively, Defendant argues: (2) if the Court is inclined to follow *Morris* and deny Defendant's MTCA, this action should be stayed pending Defendant's interlocutory appeal of that Order under the Federal Arbitration Act pursuant to 9 U.S.C. § 16. Dkt. #38.

The Court should deny Defendant's MTS. As to Defendant's first argument in support of its MTS, a stay is not appropriate where, as here, a stay would harm Plaintiff and the putative class by delaying discovery and the resolution of the disputes at issue in this case, Defendant has not made out a clear case of hardship or inequity in going forward, and much of the discovery at issue in this case will aid both this action and any eventual arbitration. Defendant's second argument in support of its MTS must be rejected as premature because there is no appealable

order or interlocutory appeal at this time that warrants a stay of this action under the Federal Arbitration Act pursuant to 9 U.S.C. § 16. For these reasons, Plaintiff requests that the Court deny Defendant's MTS.

## II. BACKGROUND

Plaintiff began his employment with Defendant as a non-exempt driver on May 5, 2014. Dkt. #31-1, Declaration of Luis Guerrero (Guerrero Decl.), ¶ 2. On March 3, 2014, Plaintiff submitted an online application for employment as a driver to Defendant. Dkt. #31-1, Guerrero Decl., ¶ 3; Dkt. #29-1, Declaration of Jason Merritt ("Merritt Decl."), ¶¶ 6, 12, Exh. A. Before he could submit the completed application to Defendant, Plaintiff was required to acknowledge receipt, understanding, and agreement with the following disclosure by clicking accept on the box containing the following:

> I agree that, in return for its consideration of my application for employment, any dispute between Halliburton Energy Services, Inc. and me related to the application process will be resolved under the Halliburton Dispute Resolution Program ("DRP"), and that I may obtain a copy of the DRP from the Human Resources Department. I understand that this means that disputes involving legal issues must be submitted to binding arbitration, and that I am waiving any right to maintain a lawsuit or have a jury trial for any such dispute.

Dkt. #29-1, Merritt Decl., ¶¶ 9-12, Exh. A at p. 16. Plaintiff acknowledged the arbitration provision and submitted his completed application to Defendant. Dkt. #31-1, Guerrero Decl., ¶ 4. On March 19, 2014, Defendant sent Plaintiff an offer letter offering him employment as a driver for Defendant out of its Bakersfield, California office. Dkt. #31-1, Guerrero Decl., ¶ 5. Defendant's offer letter laid out the terms of his employment and informed Plaintiff that upon acceptance of the employment offer he agreed:

> Your acceptance of employment means you also agree to and are bound by the terms of the Halliburton Dispute Resolution Program, effective January 1, 1998. The Halliburton Dispute Resolution Program binds the employee and the Company to handle workplace problems through a series of measures designed to bring to timely resolution. This will be true both during your employment and after your employment should you terminate.

Dkt. #29-1, Merritt Decl., Exh. C at p. 2. Plaintiff signed Defendant's offer letter and began employment with Defendant as a driver on May 5, 2014. Dkt. #31-1, Guerrero Decl., ¶ 6. On

May 5, 2014, Plaintiff received and executed a "Driver Responsibilities Agreement," which provided that by signing the agreement he agreed that "[a]ny disputes arising under or in any way related to the Agreement shall be resolved exclusively through the Halliburton Dispute Resolution Program which includes binding arbitration as its last step." Dkt. #31-1, Guerrero Decl., ¶ 7; Dkt. #29-1, Merritt Decl., Exh. D at p. 3.

Plaintiff did not have the opportunity to ask questions about the mandatory Arbitration Agreements he signed prior to commencing his employment with Defendant nor was Plaintiff allowed to negotiate the terms of the Arbitration Agreements. Dkt. #31-1, Guerrero Decl., ¶ 8. The Arbitration Agreements were presented to Plaintiff on a pre-typed form, ready for his signature. Dkt. #31-1, Guerrero Decl., ¶ 9. Plaintiff took no part in drafting any section, portion, or clause of the Arbitration Agreements. Dkt. #31-1, Guerrero Decl., ¶ 10. Furthermore, Defendant did not provide Plaintiff with a copy of the DRP "Plans and Rules," in conjunction with the three Arbitration Agreements he was required to sign prior to beginning his employment with Defendant. Dkt. #31-1, Guerrero Decl., ¶ 11. Instead, Plaintiff was told the DRP "Plans and Rules" that would govern the arbitration process between Plaintiff and Defendant could be obtained from Defendant's Human Resources Department or on Defendant's DRP website. Dkt. #31-1, Guerrero Decl., ¶ 12; Dkt. #29-1, Merritt Decl., ¶ 5, Exh. A at p. 16. Plaintiff did not have an opportunity to review the DRP "Plans and Rules," prior to assenting to the Arbitration Agreements contained in his employment application, offer letter or "Driver Responsibilities Agreement." Dkt. #31-1, Guerrero Decl., ¶ 13. None of the three Arbitration Agreements Plaintiff signed had an opt-out provision. Dkt. #31-1, Guerrero Decl., ¶ 14.

The "Resolution of Disputes" provision in Defendant's DRP "Plans and Rules," incorporated by reference into each of the three Arbitration Agreements Plaintiff signed provides:

> A. All Disputes not otherwise settled by the Parties shall be finally and conclusively resolved through arbitration under this Plan and the Rules, instead of through trial before a court.
> B. (i) Each Dispute shall be arbitrated on an individual basis. Neither the

> Company nor any Employee or Applicant may pursue any Dispute on a class action, collective action or consolidated basis or in a representative capacity on behalf of other persons or entities who are claimed to be similarly situated, or participate as a class member in such a proceeding. The arbitrator in any proceeding under this Plan shall have no authority to conduct the matter as a consolidated, class or collective action.

Dkt. #29-2, Declaration of Melinda Miner ("Miner Decl."), ¶ 3, Exh. A at p. 7. Defendant's DRP "Resolution of Disputes" section B(ii) also includes the following statement regarding severability of its "Resolution of Disputes" section B(i) provision:

> If the procedural limitation in subparagraph B(i) of this section is held unenforceable by a court in a proceeding in which a party seeks to pursue a class or collective action or otherwise act in a representative capacity, then this Plan shall not apply with respect to that class or representative action which shall proceed instead before the court. If the court, however, ultimately denies the party's request to proceed on a class, collective or representative basis, then the party's individual claim(s) shall be subject to this Plan and referable to arbitration pursuant to its terms.

*Id*. at p. 7-8.

## A. PROCEDURAL HISTORY

Plaintiff's employment with Defendant ended on January 12, 2015. Dkt. #31-1, Guerrero Decl., ¶ 2. Thereafter on July 18, 2016, Plaintiff filed this class action lawsuit in Kern County Superior Court on behalf of all current and former non-exempt drivers employed by Defendant in the State of California during the relevant time period. On September 2, 2016, Defendant removed this case to the United States District Court for the Eastern District of California. Dkt. #1. On September 9, 2016, Defendant filed a Motion to Dismiss Plaintiff's Complaint. Dkt. #4. On November 11, 2016, the Honorable Lawrence J. O'Neill issued an Order granting in part and denying in part Defendant's Motion to Dismiss Plaintiff's Complaint. Dkt. # 10. On November 22, 2016, Plaintiff filed his First Amended Complaint. Dkt. #12. On December 6, 2016, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. #13. On February 3, 2017, the Honorable Lawrence J. O'Neill issued an Order granting in part and denying in part Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. #20.

On February 23, 2017, Plaintiff filed his Second Amended Complaint. Dkt. #21.

Plaintiff's Second Amended Complaint alleges Defendant's failure to provide Plaintiff and putative class members all straight and overtime wages owed under California law, failure to pay all wages due at termination, and violation of California's Unfair Competition Law. Dkt. #21. On March 9, 2017, Defendant filed an Answer to Plaintiff's Second Amended Complaint. Dkt. #23. On April 13, 2017, the parties filed their Joint Federal Rules of Civil Procedure, Rule 26(f) Scheduling Report in which Defendant informed Plaintiff for the first time that it would be filing a Motion to Compel Individual Arbitration. Dkt. #27; Dkt. #31-2, Declaration of Katharine McCall ("McCall Decl."), ¶ 3. On April 18, 2017, Plaintiff prepared and propounded Interrogatories, Demands for Production of Documents and a Federal Rules of Civil Procedure, Rule 30(b)(6) Deposition Notice on Defendant. Dkt. #31-2, McCall Decl., ¶ 4. Plaintiff prepared and served his Federal Rules of Civil Procedure, Rule 26(a)(1) Initial Disclosures on Defendant on April 19, 2017. Dkt. #31-2, McCall Decl., ¶ 5. On April 20, 2017 the parties attended a scheduling conference before the Court, which, after almost a year of litigation, Defendant stated its intention to pursue a motion to compel arbitration. Dkt. #31-2, McCall Decl., ¶ 6.

On May 12, 2017, Defendant filed its MTCA. Dkt. #29. Defendant's MTCA did not address *Morris* or attempt to distinguish the class waiver the Ninth Circuit held unenforceable in *Morris* from the class waiver in the parties' arbitration agreements. *Id.* Defendant's MTCA also did not request the Court stay proceedings in this case until the United States Supreme Court issues its decision in *Morris*. *Id.* On May 27, 2017, Plaintiff filed his Opposition to Defendant's MTCA arguing Defendant's MTCA should be denied because the arbitration agreements between the parties contain class action waivers that are unenforceable under *Morris*. Dkt. #31. Thereafter, Defendant filed its "protective" MTS on June 9, 2017. Dkt. #38.

### III.   LEGAL STANDARD

With respect to the request for a stay, the Ninth Circuit has held that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's

decision as binding authority." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). Courts have previously denied requests for stays pending the Supreme Court's review of a Court of Appeals order, including requests for says pending the outcome of the *Morris* case. *See Daugherty v. Solarcity Corp.*, 2017 U.S. Dist. LEXIS 11838 at *4 (N.D. Cal. Jan. 26, 2017) ("A decision in Morris remains many months, perhaps even more than a year away. Given the extent of that possible delay, a stay is not warranted, particularly because much of the discovery in this action would be useful both here and in any eventual arbitration."); *Rivera v. Saul Chevrolet, Inc.*, 2017 U.S. Dist. LEXIS 70960 at *4-6 (N.D. Cal. May 9, 2017) (denying the defendant's motion to stay pending the Supreme Court's decision in Morris, and stating that "the Court is bound by the Ninth Circuit's Morris decision unless it is overturned by a higher authority—an en banc panel of the Ninth Circuit or the United States Supreme Court."); *Coppernoll v. Hamcor, Inc.*, 2017 U.S. Dist. LEXIS 6306 at *2 (N.D. Cal. Jan. 17, 2017) ("it will be many months before a decision is handed down [in Morris] and  the law in our circuit remains clear unless the Supreme Court overturns it.").

Federal district courts have "broad discretion to stay proceedings as an incident to its power to control its own docket," and issuing a stay may be appropriate in certain circumstances. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its own docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 253. However, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. The Supreme Court has "caution[ed] that 'if there is even a fair possibility that the stay…will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255).

///

## IV.  ARGUMENT

### A. PLAINTIFF AND THE PUTATIVE CLASS WILL SUFFER PREJUDICE IF A STAY IS GRANTED

Defendant argues Plaintiff will not be harmed by a stay pending the Supreme Court's decision in *Morris*. However, a stay pending the Supreme Court's decision in *Morris* would prejudice Plaintiff and the putative class by substantially delaying the proceedings in this action and would be contrary to the interests of justice. In both *Rivera v. Saul Chevrolet, Inc.* and *Daugherty v. Solarcity Corp.,* the courts denied stays because "much of the discovery at issue in this case will aid both in this action and any eventual arbitration." *Rivera v. Saul Chevrolet, Inc.*, 2017 U.S. Dist. LEXIS 70960 at *5 (N.D. Cal. May 9, 2017); *Daugherty v. Solarcity Corp.*, 2017 U.S. Dist. LEXIS 11838 at *4 (N.D. Cal. Jan. 26, 2017). Likewise in *Cashon v. Kindred Healthcare Operating, Inc.*, the court denied a stay because "[t]here is no evidence that the case is likely to settle or that the Supreme Court is likely to reverse the Ninth Circuit's decision in *Morris*. While Defendants will be forced to spend time and money litigating claims they might ultimately arbitrate, a stay will further deprive Cashon and other plaintiffs the relief allegedly owed to them. Overall, the interests of justice do not warrant a continuance or a stay." *Cashon v. Kindred Healthcare Operating, Inc.,* 2016 U.S. Dist. LEXIS 155794, at *7 (N.D. Cal. Nov. 9, 2016).

A stay of this action would materially harm Plaintiff and the members of the putative class by delaying monetary recovery and extending the amount of time which they have not been paid wages owed to them, impeding Plaintiff's efforts to gather evidence to prove his claims by increasing the chance of the loss of evidence, witnesses, and witness memories, allowing putative class members to inadvertently destroy evidence due to ignorance of the existence of this litigation. Indeed, this action has already been in litigation for one year yet Plaintiff has been unable to receive any discovery from Defendant or effectively move this case forward. As Defendant has sole access to the putative class list, witnesses and relevant documentary

evidence, a stay will continue to place Plaintiff and the putative class members at a disadvantage. Public policy favors timely resolution of Plaintiff's claims and enforcement of the law.

Thus, a delay in these proceedings caused by the significant stay Defendant is requesting would result in ongoing harm caused to Plaintiff and the putative class members as the challenged policies and practices are permitted to continue. Therefore, Defendant's MTS should be denied.

## B. DEFENDANT HAS NOT SATISFIED ITS BURDEN TO SHOW HARDSHIP OR INEQUITY

Defendant argues it will be significantly harmed absent a stay because it will be forced to incur the expense of litigating this action in court and not arbitration. MTS at 5:16-24. However, because there is a fair possibility of harm to Plaintiff and the putative class if the requested stay is granted, the burden is on Defendant to show that it will suffer hardship or inequity, beyond merely being forced to defend a suit, if the proceedings are not stayed. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Defendant has not satisfied its burden to show hardship or inequity because it merely argues it faces the burden of defending this suit in court and the expense associated with defending the suit in court if a stay is not granted. MTS at 5:16-24. In reality, Defendant is arguing that it would like to stay this action in the hopes that the current law will change in a way more favorable to its position. The fact that the law currently does not favor Defendant's position, or that it will have to defend this action, is not a showing of hardship or inequity sufficient to justify an exercise of discretion to stay the current proceedings, and thus Defendant's MTS should be denied.

## C. THE DURATION OF THE REQUESTED STAY IS IMPROPER

Even if the Court is satisfied by Defendant's argument that, "the ultimate disposition of *Morris* will simplify the proceedings by settling a legal question that is central to this action," the indefinite duration of the requested stay renders it outside the bounds of moderation. MTS at 7:3-9:7. "[A] stay should not be granted unless it appears likely the other proceedings will be

concluded within a reasonable amount of time," and "[g]enerally, stays should not be indefinite in nature." *Landis*, 299 U.S. at 256-57; *Dependable Highway Exp., Inc.,* 498 F.3d at 1066.

Defendant requests a stay on the proceedings in this action pending the Supreme Court's decision on class action waivers in arbitration agreements in *Morris.* MTS at 7:3-9:7. Defendant does not, and cannot, suggest what the duration of such a stay might be and, therefore, the requested stay is improperly indefinite in nature. Although the case has been set for oral argument it cannot be predicted when the Supreme Court will ultimately issue a decision. Therefore, Defendant's MTS must be denied.

## D. DEFENDANT'S REQUEST FOR A STAY PURSUANT TO THE FEDERAL ARBITRATION ACT IS PREMATURE

Defendant argues, hypothetically, that if the Court denies its MTCA, Plaintiff's action should be stayed pending its appeal of the Court's order denying its MTCA. MTS at 9:11-14:18. However, Defendant's request for a stay on this basis must be rejected as premature because there is no appealable order or interlocutory appeal that warrants a stay of this action under the Federal Arbitration Act ("FAA").

The FAA provides that a party whose motion to compel arbitration is denied may immediately appeal under 9 U.S.C. § 16(a). "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *See Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985) (citation omitted). However, "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the **[*5]** appeal." *Britton v. Co-op Banking Group,* 916 F.2d 1405, 1411 (9th Cir. 1990) (citation omitted). Moreover, as the Ninth Circuit noted in *Britton,* where a party appeals the denial of a motion to compel arbitration, "the district court is to evaluate the merits of the movant's claim and if, for instance, the court finds that the motion presents a 'substantial question,' [it is allowed] to stay the proceedings pending an appeal from its refusal to compel arbitration." *Britton,* 916 F.2d at 1412 (citations omitted).

Defendant argues at considerable length that Plaintiff's action should be stayed pending its hypothetical 9 U.S.C. § 16(a) appeal of the Court's denial of its MTCA. MTS at 9:11-14:18. However, no appealable order or appeal under 9 U.S.C. § 16(a) currently exists because the Court has not yet issued a ruling on Defendant's MTCA. Therefore, the fact that Defendant may or may not appeal the Court's denial of its MTCA at some point in the future, should the Court deny its MTCA, does not warrant a stay of the action. Accordingly, Defendant's MTS must be denied.

## V.    CONCLUSION

Based on the foregoing reasons and authority, Plaintiff respectfully requests that this Court deny Defendant's Protective Motion to Stay Action Pending U.S. Supreme Court Decision Or, Alternatively, Pending Appellate Review of Any Denial of Defendant's Pending Motion to Compel Individual Arbitration.

Dated: June 27, 2017                **THE TURLEY & MARA LAW FIRM, APLC**


By:    Katharine McCall, Esq.
       William Turley, Esq.
       Dave Mara, Esq.
       Jamie Serb, Esq.
       Katharine McCall, Esq.
       Representing Plaintiff LUIS GUERRERO
       on behalf of himself, all others similarly situated, and on
       behalf of the general public.