# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GUERRERO, an individual on behalf of himself, all others similarly situated and on behalf of the general public,<br><br>                Plaintiff,<br><br>                v.<br><br>HALIBURTON ENERGY SERVICES, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>                Defendants. | 1:16-cv-01300-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO COMPEL ARBITRATION**<br><br>(ECF No. 29) |

## I. INTRODUCTION

Plaintiff Luis Guerrero brings this action against his former employer, Halliburton Energy Services, Inc. ("HESI" or "Defendant"), alleging, on behalf of himself and others similarly situated, causes of action for unpaid wages, failure to provide meal periods, and failure to pay overtime, among others. (Complaint ("Compl.") ECF No. 1-1.) The action, originally filed in Kern County Superior Court, was removed to this Court on September 2, 2016. (ECF No. 1-1.) On May 12, 2017, Defendant filed a motion to compel arbitration of Plaintiff's claims, arguing that Plaintiff's claims were covered by several valid and binding arbitration agreements that he signed in connection with his employment. (ECF No. 29.) Plaintiff opposed the motion, arguing that (1) Defendant waived its right to pursue

1

arbitration by litigating the case in state and federal court for ten months prior to moving to compel arbitration; (2) the arbitration agreements were unlawful under the NLRA and FAA in light of the Ninth Circuit's decision in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016); and (3) the arbitration agreements were unconscionable under California law and therefore unenforceable. (ECF No. 31.) Defendant filed a reply. (ECF No. 37.) Defendant argued that *Morris* did not control this case, but in the alternative requested that the Court stay the case pending the Supreme Court's review of the Ninth Circuit's decision in *Morris*. (ECF No. 38.) The Court concluded that *Morris* did control the case, and granted the stay. (ECF No. 43.) On May 21, 2018, in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), the Supreme Court reversed the Ninth Circuit's decision in *Morris*. The parties submitted a joint statement requesting that the Court rule on the motion to compel arbitration at this time. (ECF No. 44.) The motion is ripe for review and is suitable for disposition without oral argument pursuant to Local Rule 230(g).

## II. **FACTUAL BACKGROUND**

Plaintiff was employed by Defendant in a position titled "Entry Level Operator Assistant I" from May 5, 2014 to January 12, 2015. (ECF No. 29 at 4-5.) Plaintiff alleges, on behalf of himself and others similarly situated, that HESI engaged in unlawful employment practices, including underpaying workers, failing to pay overtime, and failing to give employees meal periods. (ECF No. 21, Second Amended Complaint ("SAC") ¶¶ 5-17.) When Plaintiff submitted his employment application on March 3, 2014, the application contained a disclosure indicating that "any dispute between Halliburton Energy Services, Inc. and me related to the application process will be resolved under the Halliburton Dispute Resolution Program ('DRP')." (ECF No. 29-1, Declaration of Jason Merritt ("Merritt Decl."), Ex. A at 16.) Plaintiff assented to the condition by placing a checkmark in a box indicating that he acknowledged that he received, understood, and agreed with the disclosure. (*Id.*) Likewise, Plaintiff's offer letter contained a similar disclosure, which indicated that his acceptance of the offer "means you also agree to and are bound by the terms of the Halliburton [DRP]" which would apply "both during

your employment and after your employment should you terminate." (*Id.*, Ex. C at 2-3.) Plaintiff executed the letter indicating that he accepted HESI's offer of employment on the terms set forth in the letter. (*Id.*) On Plaintiff's first day of employment, he executed a "Driver Responsibilities Agreement" in which he agreed to arbitrate any disputes arising under the Agreement exclusively through the DRP. (*Id.*, Ex. D at 3.) During Plaintiff's employment, the DRP was available to him online through HESI's intranet homepage. (ECF No. 29-2, Declaration of Melinda Miner ("Miner Decl.") ¶ 5.) Plaintiff took no part in drafting any section, portion, or clause of the arbitration agreements. (ECF No. 31-1, Declaration of Luis Guerrero ¶ 10.)

### III. **STANDARD OF DECISION**

Under the FAA, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 "create[s] a body of federal substantive law of arbitrability applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). While the FAA reflects a "liberal federal policy favoring arbitration," *AT & T Mobility v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone*, 460 U.S. at 24), "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). "[T]he federal law of arbitrability under the [FAA] governs the allocation of authority between courts and arbitrators. Because the FAA mandates that 'district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed,' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal citations and emphasis omitted) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000)). In construing arbitration agreements,

3

courts must "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

## IV. DISCUSSION

**A.     Waiver**

Plaintiff argues that Defendant waived its right to enforce the arbitration agreements here by failing to compel arbitration from the filing of the case in July of 2016 until filing this motion in May of 2017. (ECF No. 31 at 8.) Plaintiff points out that in the intervening period, Defendant "demonstrated its intent to actively litigate th[e] case in this Court rather than seek arbitration by, among other things, removing th[e] case to the United States District Court for the Eastern District of California, filing a Motion to Dismiss Plaintiff's Complaint on September 9, 2016, filing a second Motion to Dismiss Plaintiff's First Amended Complaint on December 6, 2016, filing an Answer to Plaintiff's Second Amended Complaint on March 9, 2017 . . . ." (*Id.*)

A written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. But the "right to arbitration, like any other contract right, can be waived." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009). "[W]aiver of the right to arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof." *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758 (9th Cir. 1988) (citations omitted). Accordingly, "[a]ny examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). "In the Ninth Circuit, arbitration rights are subject to constructive waiver if three conditions are met: (1) the waiving party must have knowledge of an existing right to compel arbitration; (2) there must be acts by that party inconsistent with such an existing right; and (3) there must be prejudice resulting from the waiving party's inconsistent acts." *Fisher*, 791 F.2d at 694. Plaintiff bears a "heavy burden of proof" in showing that

4

these elements are met. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270-71 (9th Cir.), *opinion amended on denial of reh'g*, 289 F.3d 615 (9th Cir. 2002).

### 1.   **Whether HESI Had Knowledge Of Its Right To Compel Arbitration**

As to the first factor, Defendant does not dispute that it had knowledge of its right to compel arbitration from the inception of this litigation. Indeed, Defendant stated its intent to reserve its right to compel arbitration in motions to dismiss filed in September and December of 2016, as well as in its answer to the Plaintiff's Second Amended Complaint filed in March of 2017, and the parties' joint scheduling report filed in April of 2017. (ECF Nos. 4, 13, 23.) The first factor is met.

### 2.   **Whether HESI Took Actions Inconsistent With The Right To Arbitrate**

With respect to the second factor, Plaintiff argues that Defendant's decision to remove the case to federal court and to litigate the matter in federal court for months prior to moving to compel arbitration is inconsistent with Defendant's right to arbitrate. Defendant counters that filing pre-discovery dispositive motions prior to moving to compel arbitration is not inconsistent with its right to compel arbitration. Defendant relies on several Ninth Circuit cases in support of its position that the "mere filing of pre-trial motions is not a waiver" of the right to compel arbitration under the FAA. (ECF No. 37 at 2 & n.4-5.) However, these cases are inapposite. In *Global Securities & Communications, Inc. v. AT & T*, the court determined that AT & T's pre-trial motions were not inconsistent with its right to compel arbitration. 191 F.3d 460, 1999 WL 513873 (9th Cir. 1999). However, the court's analysis rested heavily on the fact that AT & T was not aware of its right to arbitrate until after the pre-trial motions were filed, and it filed its motion to compel before answering the complaint and "promptly after learning of the arbitration clause in the . . . agreements, approximately four months after [plaintiff] filed its complaint." *Id*. at *2. Here, Defendant was well aware of its right to seek arbitration when it opted to litigate this case.

In the other cases cited by Defendant, the court determined that moving party had not waived its right because the opposing party was not *prejudiced* by the failure to compel arbitration, not because

5

their actions were consistent with their right to compel arbitration. *See Sovak*, 280 F.3d at 1270 ("We conclude that Sovak has not met his burden because he has not shown how he was prejudiced by Cook's delay in moving to compel arbitration."); *Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) (finding no waiver where Defendant had filed a motion to dismiss and did not move to compel arbitration until over a year after the complaint was filed because plaintiff had "shown no prejudice"), *overruled on other grounds by Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 632-35 (1985). [1]

On the other hand, Defendant did not litigate the case as actively or for as long as in other cases where the Ninth Circuit has held that a party's conduct was inconsistent with the right to arbitrate. For example, in *Van Ness Townhouses v. Mar Indus. Corp.*, the party seeking to compel arbitration had "chose[n] . . . to litigate actively the entire matter—including pleadings, motions, and approving a pre-trial conference order—and did not move to compel arbitration until more than two years after the appellants brought the action." 862 F.2d 75, 759 (9th Cir. 1988). Likewise, in *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016), the moving party had participated actively in the litigation without ever claiming a right to arbitrate in any of their pleadings. Here, by contrast, Defendant made Plaintiff aware that it was reserving its right to compel arbitration at critical stages in the litigation, including in its motion papers and in the answer to the SAC. (ECF No. 23 at 1, 19.) The Court finds that Plaintiff has demonstrated that Defendant took at least some actions inconsistent with its right to arbitrate, although its express reservation of such a right at least calls into question whether Plaintiff was actually prejudiced by that activity. *See Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) ("a party's *extended silence* and delay in moving for arbitration" are evidence that the party acted in a manner inconsistent with its right to arbitrate) (emphasis added); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012

---

[1] Defendant erroneously indicated in its brief that the moving party in *Lake Communications* had already filed an answer in the case at the time that it moved to compel arbitration. (ECF No. 37 at 2 n.4.) The court in *Lake Communications* actually indicates in its analysis of the relevant factors that the moving party "had not yet filed an answer." 738 F.2d. at 1477.

6

(9th Cir. 2005) ("Unsurprisingly, courts are reluctant to find prejudice to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly (e.g., by filing a motion to dismiss or requesting limited discovery) before moving to compel arbitration."). The Court therefore turns to the third prong of the waiver analysis.

### 3. **Whether The Delay Has Prejudiced Guerrero**

Plaintiff asserts that he and the putative class were prejudiced by Defendant's ten-month delay in filing its motion to compel arbitration. Plaintiff argues that he has expended considerable resources opposing Defendant's motions to dismiss and strike, preparing and propounding discovery, preparing and serving initial disclosures, and attending and participating in a scheduling conference before the Court. (ECF No. 31 at 9-10.)

Generally, courts will not find prejudice where the party opposing the motion to compel arbitration has expended only litigation and court costs, unless the parties have already conducted significant discovery that would be unavailable in an arbitration, or if the matter is on the eve of trial. *See Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1132 (C.D. Cal. 2011) ("prejudice typically is found only where the petitioning party's conduct has substantially undermined the important public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." (internal citations and quotation marks omitted)); *see also Britton v. Co-Op Banking Grp.*, 916 F.2d 1405, 1413 (9th Cir. 1990) (costs incurred in pursuing litigation should not be counted against defendant's effort to arbitrate).

Here, Plaintiff asserts in conclusory fashion that he has been prejudiced because he has been forced to expend time and resources litigating this action. However, the parties have not conducted extensive discovery in this case. Indeed, Plaintiff has expounded discovery requests, which the Court does not hold against Defendant's effort to arbitrate, *see Britton*, 916 F.2d at 1413, but Defendant apparently has not propounded any discovery. (ECF No. 37, Supplemental Declaration of Matthew Kane

7

¶¶ 3-4).  Likewise, the Court has not reached the merits of this case in its rulings to date.  *See Ontiveros v. Zamora*, No. Civ. S-08-567 LKK, 2013 WL 593403, at *10 (E.D. Cal. Feb. 14, 2013) ("Waiver does not occur by mere participation in litigation; there must be judicial litigation of the merits of arbitrable issues, although waiver could occur prior to a judgment on the merits if prejudice could be demonstrated." (internal citations and quotation marks omitted)).

The cases cited by Plaintiff in support of his argument are readily distinguishable.  In *Kelly v. Public Utility District No. 2 of Grant County*, the parties conducted significant discovery, and litigated substantive motions prior to defendant's moving to compel arbitration.  552 F. App'x 663, 664 (9th Cir. 2014).  Likewise, in *Joca-Roca Real Estate, LLC v. Brennan*, plaintiff sought to compel arbitration after summary judgment motions had been decided, substantial discovery conducted, and less than two months from trial. 772 F.3d 945, 949-51 & n.7 (1st Cir. 2014).  The facts in those cases differ considerably from the facts here.  Here, defendant has not sought discovery, and the case has not yet reached the merits stage.

Moreover, Defendant has made it clear several times – in its motion papers, answer, and in the joint scheduling report filed by the parties in April of 2017 – that it believes it has a right to compel arbitration.  (*See* ECF Nos. 4, 13, 23, 27.)  Therefore, Plaintiff was on notice that Defendant could move to compel arbitration and proceeded "at h[is] own peril."  *Lagrone v. Advanced Call Ctr. Techs., LLC*, No. C13–2136-JLR, 2014 WL 4966738, at *9 (W.D. Wash. 2014).  Plaintiff has not met his "heavy burden" of demonstrating that he was prejudiced by the delay and that HESI thereby waived its right to pursue arbitration.  *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) (internal quotation marks and citations omitted).

**B.     Class Action Waiver**

In his opposition, Plaintiff argued that the class action waiver contained in the arbitration agreement, which required Plaintiff to arbitrate his claims on an individual basis only, was invalid under the Ninth Circuit's decision in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016).  In *Morris*,

the Ninth Circuit held that class action waivers in employment arbitration agreements violated sections 7 and 8 of the National Labor Relations Act ("NLRA") which prohibit employer interference with the right of employees to engage in concerted activity. *Id.* at 980. On May 21, 2018, the Supreme Court reversed the Ninth Circuit's decision in *Morris* in *Epic*, 138 S. Ct. 1612 (2018),[2] which held that an arbitration agreement in which an employee agrees to arbitrate claims against an employer on an individual – rather than on a class or collective – basis, is enforceable and does not violate the NLRA. In light of the recent decision in *Epic*, Plaintiff's argument that the class action waiver violates the NLRA is without merit.

**C.     Unconscionability**

The Court must assess whether the arbitration agreement, at issue are valid and enforceable under section 2 of the FAA, 9 U.S.C. § 2. *Ticknor v. Choice Hotels, Int'l, Inc.*, 265 F.3d 931, 937 (9th Cir. 2001). "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 687 (1996). "Federal courts sitting in diversity look to the law of the forum state in making a choice of law determination." *Ticknor*, 265 F.3d at 937 (citing *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 641 (9th Cir. 1988)). Thus, this Court relies on California contract law to determine the issues raised in this action.

"If a contract is unconscionable, under California law courts may refuse to enforce it." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003). To be unenforceable, the arbitration clause must be both procedurally and substantively unconscionable, but not necessarily to the same degree. *Ting v. AT & T*, 319 F.3d 1126, 1148 (9th Cir. 2003). "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Foundation Health Psychcare Servs.,*

---

[2] *Epic was* consolidated with *Morris* (No. 16-300) and a Fifth Circuit Court decision, *NLRB v. Murphy Oil USA, Inc.*, No. 16-307.

9

*Inc.*, 24 Cal 4th 83, 114 (2000).

Procedural unconscionability "concerns the manner in which the contract was negotiated and the circumstances of the parties at that time." *Kinney v. United HealthCare Servs., Inc.*, 70 Cal. App. 4th 1322, 1329 (1999). Procedural unconscionability requires either of two factors: oppression or surprise. *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519 (1997). Oppression "arises from an inequality in bargaining power which results in no real negotiation and an absence of meaningful choice." *Id.* at 1531.

Substantive unconscionability focuses "on overly harsh or one-sided results." *Armendariz*, 24 Cal. 4th at 114 (quotation marks and citations omitted). An arbitration clause is substantively unconscionable if "the terms of the agreement . . . are so one-sided as to shock the conscience." *Kinney*, 70 Cal. App. 4th at 1329 (emphasis altered). "[M]utuality is the "paramount" consideration when assessing substantive unconscionability." *Pokorny v. Quixtar*, 601 F.3d 987, 997-98 (9th Cir. 2010) (citations omitted). "Agreements to arbitrate must contain at least 'a modicum of bilaterality' to avoid unconscionability." *Id.* (internal citations and quotations omitted).

Plaintiff argues that the arbitration agreements are unenforceable because they are both procedurally and substantively unconscionable. Plaintiff asserts that the arbitration agreements at issue here are procedurally unconscionable because: (1) they are adhesion contracts that gave Plaintiff no opportunity to negotiate the terms or to opt-out, and (2) they failed to attach the applicable arbitration rules. In terms of substantive unconscionability, Plaintiff states only that the agreements are unlawful because they contain "unlawful waivers of Plaintiff's right to bring collective and representative actions" and are therefore "unlawful and unenforceable under the NLRA, FAA and California law." (ECF No. 31 at 18-19.) As previously explained, the Supreme Court explicitly rejected the argument that class action waivers render an arbitration agreement unlawful or unenforceable under the NLRA or FAA. *Epic*, 138 S. Ct. at 1623, 1625-26. As for California law, the California Supreme Court has recognized that under the United States Supreme Court's decision in *AT & T Mobility LLC v.*

10

*Concepcion*, 563 U.S. 333 (2011), the FAA preempts prior California law holding that class action waivers in employment arbitration agreements contrary to public policy. *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 360 (2014). Therefore, the class action waiver is not unenforceable on state law grounds either.

Because Plaintiff must demonstrate both procedural *and* substantive unconscionability to establish that the arbitration agreements are unenforceable, and because Plaintiff's only argument regarding substantive unconscionability is meritless in light of the Supreme Court's decision, the Court concludes that the agreements at issue are not unconscionable. Because the agreements are not substantively unconscionable, the Court need not consider whether the contract is procedurally unconscionable. *Ting*, 319 F.3d at 1148.

## **CONCLUSION AND ORDER**

For the reasons set forth above, the motion to compel arbitration is GRANTED. In light of the foregoing analysis granting Defendant's motion to compel arbitration of Plaintiff's individual claims, the Court STAYS this action pursuant to the FAA, 9 U.S.C. § 3, pending completion of the arbitration proceedings.

IT IS SO ORDERED.

Dated: **July 26, 2018**  /s/ **Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE